**Hearing Date and Time:  September 22, 2014 at 2:00 p.m. (EST)**

Alan J. Lipkin
Anna C. Burns
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Tel:  (212) 728-8000
Fax:  (212) 728-8111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                               :      Chapter 11
                                                                      :
Interfaith Medical Center, Inc.,[1]                    :      Case No. 12-48226 (CEC)
                                                                      :
                        Reorganized Debtor.       :
-------------------------------------------------------x

**WILLKIE FARR & GALLAGHER LLP'S RESPONSE TO OBJECTIONS TO ITS
FINAL APPLICATION, AS COUNSEL FOR DEBTOR, FOR FINAL ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED (DECEMBER 2, 2012 THROUGH AUGUST 31, 2014)**

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

              Willkie Farr & Gallagher LLP ("**WF&G**"), regarding its role as attorneys for the

debtor and debtor-in-possession in the above-captioned case (the "**Debtor**" or "**IMC**"), submits

this response to:  (i) the Objection of the United States Trustee (the "**U.S. Trustee**") to Final

Applications for Compensation and Reimbursement of Expenses ("**UST Objection**" or "**UST**

**Obj**.") [Docket No. 1319], to the extent it relates to WF&G's Fourth Interim and Final Fee

Application [Docket No. 1249], and/or the supplements thereto [Docket No. 1255, 1311]

(together, the "**WF&G Fee Application**")[2]; and (ii) the Joinder and Limited Objection

("**DASNY Objection**" or "**DASNY Obj**.") of the IMC Disbursing Trust for the benefit of the

---

[1]      The last four digits of the Reorganized Debtor's federal tax identification number are 6155.  The Debtor's
mailing address is 1545 Atlantic Avenue, Brooklyn, New York 11213.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the WF&G Fee
Application.

Dormitory Authority for the State of New York ("**DASNY**") to the WF&G Fee Application

[Docket No. 1323].

### PRELIMINARY STATEMENT

Both objections to WF&G's Fee Application focus on minor alleged infirmities and billing rates. In that sense, both objections miss the forest for the trees. Billable hours and billing rates are merely the means lawyers use to arrive at an appropriate fee for total services rendered. From that perspective, WF&G's fee is reasonable. IMC's chapter 11 case has been an extraordinary success and WF&G played a primary role in that achievement. Simply put, IMC ultimately reorganized because it was able to survive for over 18 months while New York State got its act together despite multiple changes in senior management and membership on IMC's Board of Trustees and despite attacks from all sides, and WF&G was critical to IMC's survival and ultimate successful reorganization. Yet, neither fee objection acknowledges WF&G's excellent work or the late nights and weekends as well as the high stress on and emergency work performed by WF&G, whose value far offsets any alleged minor inadequacies. Further, neither objection acknowledges the numerous unique contributions by WF&G listed below that provided substantial additional economic value to IMC's estate. This Court's review of a fee application is not a zero sum game where an applicant only may be marked down from 100%. In effect, positive achievements count too. Accordingly, when viewed from a holistic perspective, rather than just by nitpicking, WF&G's fees are fully justified.

In any event, the DASNY Objection is based on multiple false and misleading statements.

<u>First</u>, there is no basis for the legal holdings DASNY seeks, that: (a) upon crossing the East River to practice in Brooklyn, WF&G must reduce its billing rates; or (b) if

some law firms that became involved in this chapter 11 case have lower billing rates than the Debtor's law firm, then WF&G must lower its rates accordingly. Instead, the law is clear that Bankruptcy Courts respect market rates.

Second, DASNY is misleading regarding the beneficiaries of any professional fee reductions in this case. In response to each round of interim fee applications in this case, DASNY filed an Omnibus Objection that <u>focused on the Debtor's</u> not-for-profit hospital status and the fact the results of this case still were to be determined. Now, however, those two DASNY fee objections have been addressed. This complex case has been successfully resolved (with critical assistance from WF&G) and, at DASNY's insistence, under the Plan <u>the Debtor will not bear the cost</u> of the pending fee requests. Therefore, IMC's not-for-profit status should not be a factor. Nonetheless, DASNY still incorrectly harps on IMC's status. Further, DASNY has expanded it's tune to disingenuously suggest that distributions to IMC's unsecured creditors would be impacted by pending fee applications. As a practical matter, however, Plan distributions to IMC's unsecured creditors will <u>not</u> be affected by resolution of WF&G's fee application. Instead, <u>only DASNY</u> (and indirectly New York State) stands to gain from professional fee reductions.

Third, DASNY is totally misleading in saying WF&G has made "no material reductions" in its fees. DASNY Obj. ¶ 23. While DASNY concedes WF&G froze Mr. Lipkin's billing rate in mid-2013, DASNY ignores the resulting substantial WF&G fee concession of approximately $165,000. Further, WF&G does not seek reimbursement of another approximately $115,000 of fees incurred in defending WF&G and Mr. Lipkin from frivolous lawsuits brought by so-called IMC community representatives alleging (ironically) that WF&G had breached its duties to IMC by effectively representing DASNY in this case. That aggregate

of $280,000 of unpaid WF&G fees roughly <u>matches</u> the percentage fee reductions DASNY

accepted from Alston & Bird, CBIZ, and CohnReznick.  Also, WF&G offered a further discount

in settlement discussions with DASNY, which DASNY understood would be off the table once

DASNY filed an objection to WF&G's fees based on false and misleading allegations.

Moreover, DASNY did not even ask any of the remaining professionals retained in this case,

whose fees aggregated millions of dollars, for a penny of fee reductions.  Accordingly,

DASNY's real objection is not that WF&G had neither made nor offered "material fee

reductions", but that WF&G will not agree to percentage fee reductions higher than DASNY

accepted from other professionals retained in this case.

<u>Fourth</u>, DASNY is misleading in suggesting that WF&G's Fee Application

includes an inordinate amount of partner hours.  <u>See</u> DASNY Obj. ¶ 31.  In fact, WF&G's

partner hours compare quite favorably with the other law firms involved in this case.  WFG's

partners hours represented only 41% of WF&G's total billable hours, while that percentage was

far higher at most other firms, including DASNY's:

|  |  |
|---|---|
| Alston & Bird LLP | 59% |
| DiConza Traurig Kadish LLP | 71% |
| Garfunkel Wild. P.C. | 81% |
| Nixon Peabody LLP | 40% |
| Winston & Strawn LLP[3] | 68% |

<u>Fifth</u>, DASNY is misleading in arguing WF&G's fees incurred regarding fee

applications were excessive.  DASNY reached that conclusion only by inappropriately including

in its numbers WF&G's fees spent on disputes regarding IMC's retention of Kurron, Gordian-

---

[3]     Winston's percentage is a close approximation as WF&G could not locate a few of Winston's nineteen
monthly invoices for representing DASNY.  Winston's monthly invoices are not attached here as they were
not publicly filed, but the relevant redacted portions will be provided to the Court if requested.

Dynamis, Melanie Cyganowski, and ToneyKorf Partners, LLC as well as on multiple other tasks requested by the Debtor concerning it's professionals.

Sixth, DASNY even is disingenuous in having the Disbursing Trust file the objection to WF&G's fees when it is DASNY that is the true objector.  As noted, DASNY would be the ultimate beneficiary of any professional fee reductions.  Further, DASNY hand picked the Disbursing Trustee and DASNY's counsel also represents the Disbursing Trust.  Moreover, any concerns regarding WF&G's fees have been communicated by DASNY personnel while the Disbursing Trustee has never spoken a word to WF&G about its fees.

The U.S. Trustee's Objection also is meritless as it relates to WF&G.  The objections to purportedly vague or lumped time entries are incorrect and in any event, WF&G submitted annotated time sheets for any entry that possibly could be challenged.  The objections to WF&G fees for preparing monthly fee statements are invalid because WF&G is entitled to be paid for work done solely due to U.S. Trustee or Court requirements and because WF&G would have needed to do the same work later to prepare fee applications (which fees the U.S. Trustee does not challenge).  The objections to WF&G fees for responding to fee objections are inconsistent with applicable case law.  The objection based on alleged duplication of work is misplaced because WF&G has been scrupulous in minimizing the number of attorneys involved in this case.  The objection to WF&G's fees for seeking to avoid the appointment of a patient care ombudsman for IMC is inappropriate because such a motion was reasonable at the time.  Not only did the Court have discretion to grant that motion, but there was supporting case law and IMC had legitimate concerns, which proved accurate, that the fees directly and indirectly allocable to the ombudsman would approach $1 million without any corresponding benefit to IMC.  The U.S. Trustee's objection to the amount of legal work handled by Mr. Lipkin is

unwarranted as there was ample justification for such senior partner involvement.  Further, the

percentage of total hours billed by WF&G's partners was significantly less than virtually every

other law firm involved in this case (including DASNY's).  Regardless, the approximately

$165,000 IMC saved from WF&G freezing Mr. Lipkin's billing rate midway through this case

exceeds the aggregate reduction of WF&G's fees the U.S. Trustee arbitrarily requests based on

his objection.

Consequently, DASNY's and the U.S. Trustee's objections to WF&G's fees

should be overruled.

## RESPONSE

**I.    THE DASNY OBJECTION IS MERITLESS**

**A.    DASNY's Argument That WF&G's Fees Should Be Reduced To Benefit
IMC Or Its Unsecured Creditors Is Based On False Premises Because DASNY
And New York State Would Be The Only Beneficiaries Of Such A Reduction**

1.    Based on Plan provisions demanded by DASNY, DASNY (directly) and

New York State (indirectly) would be the sole beneficiaries of any professional fee reductions in

this case.  See Plan § 7.5(b) ("any excess [in the Plan Reserves] shall become the property of

DASNY's designee").  In contrast, IMC cannot receive any benefit from professional fee

reductions.  Thus, DASNY's Omnibus Objection filed in response to each round of interim fee

applications in this case - that professional fees should be reduced because the Debtor is a not-

for-profit hospital - has been addressed.  See Docket Nos. 450, 749, 965.  Accordingly,

DASNY's misleading statements in its current objection suggesting that the Debtor's not-for-

profit status remains a relevant factor should be ignored.  See, e.g., DASNY Obj. ¶¶ 1, 23, 24.

2.    Regardless, WF&G has been sensitive to the circumstances of this case.

After the first interim fee applications were filed, WF&G attempted to negotiate with DASNY a

fee discount applicable to all professionals, but DASNY refused to address the issue at that time.

Subsequently, rather than wait for the final fee hearing, WF&G proactively froze Mr. Lipkin's billing rate mid-way through this case, resulting in an aggregate fee reduction of approximately $165,000.[4]  DASNY acknowledges WF&G's billing rate freeze, but not the substantial savings it generated.  See id. ¶ 31.  Additionally, WF&G offered a further fee reduction in settlement discussions with DASNY and the U.S. Trustee.  Also, WF&G incurred (but does not seek reimbursement for) substantial fees (approximately $115,000) for defending frivolous lawsuits brought by IMC community representatives.[5]  Meanwhile, only one other law firm and one financial advisor retained by a Court order in this case voluntarily capped its billing rate increase during this case and for each, that cap resulted in only modest fee reductions.  Also, no other professional in this case has been sued or has incurred substantial legal defense fees.

       3.     Equally misleading is DASNY's reference to potential benefits to IMC's unsecured creditors from professional fee reductions.  See DASNY Obj. ¶ 3.  It is true that the Liquidating Trust would receive anything remaining in the $2 million Backstop Reserve set up under the Plan plus an aggregate of up to $1 million left in other Plan Reserves, but there is no realistic chance that any professional fee reductions would be necessary for the full amount of such distributions to occur.  To start, the full $2 million in the Backstop Reserve remains and is unlikely to be touched.  Meanwhile, the Professional Fee Reserve alone will have over $1 million left after all pending fee applications are paid whether or not WF&G's Fee Application is allowed in full.  Further, there is another $1.7 million in a separate Indemnification Reserve that should remain untouched because the Plan and Confirmation Order release and enjoin any

---

[4]      This amount is slightly higher than the amount referenced in WF&G's Fee Application because it includes the time from July 1, 2014 into September 2014, during which the billing rate freeze continued.

[5]      WF&G acknowledges it is not entitled to indemnification from IMC for WF&G's litigation defense costs. However, whether or not there is an alternative basis for reimbursement of such fees, WF&G's point is that there is no question those $115,000 of litigation fees represent fees incurred by WF&G that will not be paid.

further actions against IMC's officers and directors and because certain IMC officers have separate indemnities from Reorganized IMC. Additionally, the other Plan Reserves (which aggregate almost $30 million and listed in <u>Exhibit A</u> hereto) each were established based on conservative estimates. Hence, while there might be a few individual claims to be paid from some of such Reserves that end up being liquidated in amounts higher than expected, overall any such amounts will be <u>more than offset by the millions of dollars of excess funds</u> in the Reserves. Consequently, the <u>only beneficiary</u> of additional professional fee reductions would be DASNY (and New York State).

4.      Yet, it would be incredibly unfair to penalize any professional to generate such excess funds for DASNY and New York State as they bear far more responsibility than any other party for the aggregate amount of professional fees in this case. Just by way of example, actions by DASNY, the New York State Department of Health ("**DOH**"), and other New York State parties that substantially increased professional fees in this case include the following:

- Rather than agree to a long term cash collateral arrangement for IMC, DASNY insisted on negotiation and court approval of a new cash collateral order almost every month.

- Multiple times DASNY negotiated with IMC, but then withdrew, debtor-in-possession financing arrangements for IMC.

- DOH ultimately refused to approve Kurron's contract with IMC on the basis no such management agreement with a New York State hospital was permissible even though DOH previously had approved similar contracts between Kurron and IMC and even though just months later DOH approved a similar management agreement between IMC and ToneyKorf Partners LLC.

- During virtually the entire first eight months of this case, DOH personnel were otherwise occupied or critical DOH positions remained unfilled so that IMC could obtain little guidance on what type of restructuring would be acceptable to New York State representatives.

- DASNY and DOH required IMC to enter into a Memorandum of Understanding with Brooklyn Hospital, but then failed to provide Brooklyn

Hospital with promised due diligence funding.   Hence, the major effort to obtain approval of that MOU was wasted.

- DASNY and DOH repeatedly changed their positions on whether IMC's hospital should remain open or closed (which also cost IMC substantial operating revenues due to uncertainty about its future) and on when IMC should have a Temporary Operator installed.

- DOH repeatedly asked for last minute adjournments of Bankruptcy Court hearings after all parties had prepared and even were present.

- DASNY negotiated and then reneged on a Plan settlement with the Creditors' Committee resulting in an expensive confirmation fight until DASNY restored most of the economics of the original deal.

Such problems even continued after the Plan's Effective Date, as DASNY's counsel rejected professionals' requests for the Disbursing Trust to pay post-Effective Date fees related to Fee Claims despite an express Confirmation Order provision requiring such payments.  See Confirmation Order ¶ 50 ("the Disbursing Trust shall be responsible for the fees, costs, and expenses associated with the prosecution and defense of such Fee Claims.").  Accordingly, those professionals (and the Estate) were forced to incur the additional cost of preparing supplemental fee applications.

5.    Accordingly, the beneficiary of any professional fee reductions would be DASNY and not IMC, which fact does not justify reducing professional fee awards in this case.

B.    DASNY's Argument WF&G Is Not Providing Meaningful Fee Reductions Comparable To Other Professionals Is False And Misleading

6.    Most of the professionals retained in this case are not now being asked to make any fee reduction whatsoever by DASNY or the U.S. Trustee (except for de minimus reductions requested by the U.S. Trustee from certain firms).  Instead, only four firms, Alston & Bird, CBIZ, CohnReznick, and WF&G, were requested by DASNY (and the U.S. Trustee) to make material fee concessions.  Alston, CBIZ, and CohnReznick each settled with DASNY for a 5% fee reduction from their fees accrued through June 19, 2014.  Also, Alston and CohnReznick

each previously waived approximately $40,000 of fees based on certain billing rate caps, while

CBIZ never applied a billing rate cap and, therefore, waived nothing further.  The U.S. Trustee

then accepted each of those settlements and requested nothing more.

7.      As demonstrated by the DASNY Objection's request for a 15% WF&G

fee reduction from fees accrued through a later date (September 2014) – in addition to the more

than 3% reduction ($165,000) already granted by WF&G's voluntary billing rate freeze and the

more than 2% of additional fees ($115,000) WF&G incurred in defending against frivolous IMC

litigation and will not be paid, DASNY seeks a far greater percentage fee reduction (over 20%)

from WF&G than from the other three firms from whom concessions were sought.  Meanwhile,

no explanation has been provided for why no fee concessions have been sought from any of the

remaining professionals retained in this case, whose fees aggregate many millions of dollars.

There is also little clarity as to why fee concessions of 5% or so were acceptable from Alston,

CBIZ, and CohnReznick, but not from WF&G, particularly as the combined fees of the two

Committee professionals exceed 50% of the likely total distributions to unsecured creditors in

this case and, unlike WF&G, CohnReznick has ongoing roles in this case as financial advisor to

the Disbursing Trust and IMC.

8.      Presumably, DASNY's rationale is that WF&G's aggregate fees and

billing rates are higher than these of other firms.  See DASNY Obj. ¶¶ 24-28.  Yet, aggregate

fees cannot be an adequate rationale because they just reflect that as Debtor's counsel, WF&G

did that much more work.  Further, because the fee reductions are being requested on a

percentage basis, WF&G's larger fee request means that the same percentage reduction would be

a proportionately larger dollar amount.  Moreover, the DASNY Objection fails to:  (a) question

the quality of WF&G's work; (b) specify any objectionable task performed by WF&G (other

than certain fee application work addressed below); or (c) challenge the conclusion that this case has been a resounding success in which WF&G played a major beneficial role.

9.      DASNY's billing rate objection is equally flawed.  Established bankruptcy law is that lawyers are entitled to the same fees in chapter 11 cases as they would charge outside of chapter 11.  See In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996) (recognizing Congressional intent that "compensation in bankruptcy matters be commensurate with the fees awarded for comparable services in non-bankruptcy cases.") (internal citation omitted), *abrogated on other grounds by* Lamie v. U.S. Trustee, 540 U.S. 526 (2004); Fibermark, 349 B.R. at 395 ("Therefore, in certain circumstances, the Court may approve the retention and compensation of professionals that charge a greater amount than is common in this District, so long as the professional's billing rate is comparable to fees and rates charged by comparably skilled professionals in non-bankruptcy cases.").  Certainly, there is no legal support for DASNY's implied propositions that crossing the East River into Brooklyn or having firms with lower billing rates involved in a chapter 11 case mandate reductions in a debtor's law firm's billing rates.[6]

10.      Besides, WF&G's fees in this case are substantially less than WF&G would charge to a client outside of chapter 11.  First, Mr. Lipkin's billing rate was frozen during 2013, resulting in approximately $165,000 less in fees.  Second, WF&G did not bill

---

[6]      Meanwhile, DASNY's reference to Mr. Neier's discounted billing rate for Winston & Strawn's bills for representing DASNY in this case is inappropriate as a reference point because it would be akin to a comparison of apples and oranges.  See DASNY Obj. ¶ 26.  First, Winston voluntarily provided DASNY with a fee discount as a regular, recurring client from whom Winston hopes to obtain future retentions.  In contrast, WF&G's representation of IMC was a one-time event and WF&G agreed to no such discount with IMC.  Moreover, Winston leveraged its DASNY representation into also representing the Disbursing Trust for substantial additional fees, while WF&G has no continuing role in this case.  Second, as Winston was not retained by Court order, Winston suffered none of the inherent fee discounts and risks that WF&G experienced as a retained chapter 11 professional.  Instead:  (a) Winston was paid monthly with no delay or holdback; (b) Winston did not lose fees and expenses not permitted by U.S. Trustee guidelines; and (c) Winston's fees were not subject to risks from fee application objections or the inability of the Debtor to pay (which was a significant risk in this case).  Third, unlike WF&G, Winston did not have the "privilege" of being sued in connection with this case.

approximately $20,000 of fees and expenses WF&G typically charges, but were prohibited by

U.S. Trustee Guidelines.  Third, due to the Court orders on interim fee payments [Docket Nos.

490, 765, 1014], WF&G's 80% monthly payments typically were delayed by two additional

months pending objections and WF&G's 20% hold back was deferred an average of almost one

year.  As a result, even at a conservative interest rate, the effective cost to WF&G exceeded

$40,000.[7]  All those factors aggregate to over a 4% discount from standard rates.  Additionally,

WF&G did not seek (and in any event will not receive) payment of approximately $115,000 of

fees WF&G incurred in defending frivolous lawsuits brought by purported representatives of

IMC's community.  Hence, in terms of the amount and timing of payments, WF&G already will

experience the equivalent of an aggregate of over 6% unpaid fees.  Consequently, there is simply

no basis to treat WF&G <u>worse</u> than the other three firms nominated for fee reductions, let along

all of the remaining professionals from whom absolutely no fee reductions are now being

requested.

      C.      DASNY's Objection Totally Fails To
              Acknowledge Or Factor In The Enormous Success
              <u>Of This Case And WF&G's Multiple Achievements In That Regard</u>

      11.      Notably, DASNY's Omnibus Fee Objections filed in response to each

round of interim fee applications in this case focused on this case's alleged limited complexity

and the fact the case's outcome was then undetermined.  <u>See</u> Docket Nos. 450, 749, 965; <u>see,

e.g.</u>, Docket No. 965 ¶ 2 ("The [Fee] Applications reflect rates charged and amounts of time

billed that appear excessive in light of the nature of the Debtor, its business, and the relative

complexity and lack of progress in the Debtor's bankruptcy case").  Now, however, it is clear

how complex and challenging this case became and how successful the outcome has been.  Yet,

---

[7]      WF&G acknowledges that the fees and costs lost due to U.S. Trustee guidelines and the interest lost due to
delayed fee payments are not voluntary fee reductions.  Nevertheless, those factors remain valid partial
responses to challenges to WF&G's billing rates.

DASNY conveniently has forgotten that such factors had represented DASNY's standard for awarding full fees.

12.     Similarly, DASNY ignores WF&G's high level of performance in this case.  Yet, in awarding professional fees in a chapter 11 case, "the court necessarily considers the quality of the services rendered."  In re Tribeca Market, LLC, Case No. 13 Civ. 7625 (KPF), 2014 BL 241775, at *13-14 (S.D.N.Y. Sept. 2, 2014) (emphasis added).  WF&G's billing rates take into account the quality of the services provided to the Debtor during a particularly challenging – bet the company - chapter 11 case in which WF&G constantly was on the front lines.  And ultimately this case – to a significant extent due to WF&G's efforts – led to a highly successful reorganization for IMC, the continued provision healthcare in the Debtor's community, and substantial recoveries for IMC's creditors (including DASNY).

13.     Significantly, DASNY does not question the quality of WF&G's services, that this case has been a highly successful, or that WF&G played a significant role in that success.  Additionally, DASNY fails to acknowledge any of the numerous achievements in this case generated by WF&G that benefited the Estate, including the following:

- the $825,000 settlement of the Lovett/Holmes preference action

- the almost $150,000 refund IMC received related to the Lawrence claims

- the hundreds of thousands of dollars of concessions obtained from the Max Group

- the hundreds of thousands of dollars saved by substantially limiting the Creditors' Committee's extremely broad Rule 2004 and confirmation objection discovery requests.

- the substantial economic benefits from the strategy developed by WF&G to deal with the East Building landlord (1545 Atlantic)

- the facilitation of multiple settlements (such as with the IM Foundation, the Creditors' Committee, the PBGC, Medline, the Ad Hoc Group of

Doctors and the Committee of Interns and Residents) in connection with confirmation of the plan.

If anything, therefore, such unique and overall accomplishments by WF&G warrant a <u>lower or no fee discount</u> by WF&G.  Certainly, however, WF&G's accomplishments demonstrate there is no basis to treat WF&G worse than other professionals.

        D.      DASNY's Objection To The Number Of
               <u>Hours Billed By WF&G's Senior Partner Is Flawed</u>

      14.      DASNY complains that some work done by Mr. Lipkin should have been handled by another WF&G partner with a lower billing rate.  <u>See</u> DASNY Obj. ¶ 28.  Notably, DASNY fails to identify a single such task or explain why Mr. Lipkin did not handle any matter efficiently.  Instead, DASNY's entire objection relies on Mr. Lipkin's billing rate.

      15.      DASNY's argument is baseless.  First, the DASNY Objection fails to acknowledge that Mr. Lipkin's billing rate was frozen during the case, saving the estate approximately $165,000, which alone should address DASNY's objection.  Second, the DASNY Objection fails to acknowledge that WF&G partner hours represent only 41% of WF&G's total billed hours in contrast to an average percentage of approximately 65% for partner hours of other firms involved in this case (including approximately 57% by DASNY's attorneys).  Thus, WF&G's overall work allocation to lower billing rate non-partners again more than addresses DASNY's objection.  Third, the DASNY Objection fails to acknowledge the inherent efficiencies (and substantial savings) from having fewer attorneys handle more matters in a case. In effect, by centralizing IMC work at WF&G with Mr. Lipkin (and Ms. Burns), IMC saved substantial fees over what would have occurred with more bankruptcy attorneys needing to be in the loop on many matters.  Fourth, the DASNY Objection fails to acknowledge the unique circumstances of this case that required extensive senior partner involvement and continuity. Due in part to the decisions of DASNY and DOH, IMC's senior management changed three

times during this 19 month case.  Further, IMC's Board membership also changed multiple times.  Also, this was a high stakes/bet-the-company case with incredibly high tensions among IMC's Board, management, community, unions, doctors, DASNY, DOH, the IM Foundation, the Creditors' Committee, and other key parties.  Additionally, there was continuous involvement of a single senior partner for each other central player in this case that mandated the continued active involvement of WF&G's senior partner (e.g., Mr. Neier for DASNY, Mr. Bunin for the Committee, Mr. Labov for the Ad Hoc Group of Doctors, Mr. Simpson for the IM Foundation, and Ms. Hepner, Mr. Rosen, and Mr. Brofman for the three unions).  Indeed, DASNY fails to explain why it is acceptable for Mr. Neier's billed hours to represent approximately 57% of Winston's total hours, but not acceptable for Mr. Lipkin's hours to be a far lower percentage (38%) of WF&G's billed hours.  Regardless, each such factor necessitated substantial and continued involvement by WF&G's senior partner.

E.    DASNY's Objection Mischaracterizes
      The Time WF&G Spent On Fee Requests

16.    DASNY incorrectly asserts WF&G "incurred over $438,149.50 in fees in connection with the retention and fee applications of WF&G, CohnReznick and Donlin Recano." DASNY Obj. ¶ 29 (emphasis added).  First, none of the referenced fees, which were billed in WF&G's matter No. 9, concerned WF&G fee applications.  Instead, such fees were incurred for the following legitimate and substantive tasks and related hearings, among others:

- Motion for approval of ordinary course professionals retention arrangement.

- Motion to retain Kurron and the related extensive dispute, appeal, and settlement.

- Motion to retain John Leech as CRO and Gordian-Dynamis and the related dispute.

- Motion to expand the retention of Gordian-Dynamis and the related dispute.

- Applications to retain Ernst & Young, Garfunkel Wild, Nixon Peabody, Donlin Recano, CohnReznick, and WF&G.

- Coordination of dissemination of information to and among the Debtor's professionals and other Court retained professionals in this case.

- At the Debtor's request, review of monthly fee statements and periodic fee applications of the other professionals retained in this case and related follow-up when appropriate.

- Attempt after the first fee applications were filed to coordinate a global resolution on fee objections, but that effort was not accepted by DASNY or the U.S. Trustee.

Accordingly, contrary to DASNY's contention, all of such WF&G fees were appropriate and none relate to WF&G's fee applications.

17.     Equally flawed is DASNY's questioning of WF&G's fee request in matter 10 for "$136,409 in connection with the preparation, filing, and defense of the WF&G Fee Application." While those fees include the work DASNY identifies, such fees also include the following additional tasks and related hearings, among others:

- Preparation and filing of WF&G's first, second, and third interim fee applications.

- Preparation and filing of responses to objections to WF&G's fee applications.

- Communications with DASNY early in the case seeking to address any concerns about WF&G's fees.

Hence, once again, all of those tasks were perfectly appropriate and the amount of such fees is reasonably proportional to WF&G's total fees in this case, i.e., about 2%.

18.     Also, DASNY objects to "over $15,000 of fees [that] were incurred by a bankruptcy practice coordinator and litigation project coordinator" as being ministerial. DASNY Obj. ¶ 30. DASNY's Objection is rather surprising as these low cost professionals should be exactly who DASNY wants to do work in light of DASNY's billing rate concerns. Regardless, all such fees were appropriate (and some of such fees duplicate fee application related fees to

which DASNY separately objects).  As to the bankruptcy professional, her work was critical to

many tasks, such as to preparation of fee statements and fee applications and development of

related information required by this Court and the U.S. Trustee as well as to respond to a myriad

of creditor inquiries such as after bar date notices.  Such work is not "overhead" because it only

needed to be done because WF&G was a retained professional and would not have been done for

a non-debtor client.  Correspondingly, the referenced litigation professional was critical to save

the Debtor's Estate substantial fees and costs in connection with the massive Rule 2004 and

confirmation litigation discovery sought by the Creditors' Committee.  Thus, these professionals

did work that could not be deemed "overhead" and saved IMC's Estate substantial fees.

19.     Accordingly, DASNY's objections to fee related work done by WF&G

have no merit.

## II.     THE UST OBJECTION IS MERITLESS

### A.     WF&G's Time Entries Contain Sufficient Detail Regarding Services Performed

20.     The UST Objection attaches copies of several WF&G time entries that the

U.S. Trustee asserts are too "vague" or inappropriately lumped.  See UST Obj., pp. 14, Exh. A.

Vagueness objections and related attachments also were included in two of the U.S. Trustee's

prior objections to WF&G's interim fee applications.  [Docket Nos. 449, 951].  In the aggregate

the U.S. Trustee has objected to approximately $79,000 of WF&G's fees on those bases.

21.     Yet, now, as before, WF&G's challenged time entries are sufficiently

detailed when reviewed in the context of the specific matter within which such entries are

included.  For example, if an attorney is handling incoming creditor calls with multiple questions

about the nature of the chapter 11 case, it would be superfluous to list each such question

addressed.  Additionally, if a legal assistant works to file WF&G's reply to several objections for

an omnibus hearing and the public record reflects all matters on the calendar for that hearing, it

would be superfluous to list each pleading filed.  Moreover, to avoid extensive redactions to its publicly filed time records (and the related fees to redact), WF&G's time entries could not be overly specific.  Accordingly, the U.S. Trustee's vagueness objections lack merit.

22.     Nevertheless, as was done in WF&G's prior responses to the U.S. Trustee's fee objections, [Docket Nos. 463, 752, 968], annexed hereto as <u>Exhibit B</u> are amplifications of certain of the challenged time entries from the Fourth Application Period to further assist the U.S. Trustee and the Court in evaluating them.  Notably, the UST Objection fails to acknowledge that WF&G previously supplemented such interim time entries in its responses to the U.S. Trustee's prior fee objections.  Such supplements should have resolved any concerns of the U.S. Trustee, but the U.S. Trustee has not yet withdrawn his prior objections.  Regardless, and particularly in light of WF&G's responsive filings, the U.S. Trustee's vagueness and lumping objections should now be overruled, even if a few had a legitimate basis when filed.

B.     <u>WF&G Attorneys Did Not Engage In Unnecessary Duplication Of Effort</u>

23.     In the U.S. Trustee's objection to WF&G's first interim fee application [Docket No. 449], which objection is included by reference in the UST Objection, the U.S. Trustee complained that too many WF&G professionals attended a few unspecified hearings or reviewed unspecified documents.  Arbitrarily, the U.S. Trustee sought a $20,000 fee reduction based on that allegation.

24.     In fact, WF&G minimized the number of attorneys attending hearings and generally handling this case.  Indeed, one of DASNY's main objections is that two WF&G attorneys, Ms. Burns and Mr. Lipkin, handled too high a percentage (over 60%) of IMC's representation by WF&G.  <u>See</u> <u>DASNY</u> Obj. ¶ 25.  Also, with multiple matters heard on omnibus hearing dates, sometimes it was more cost effective to have the attorney primarily responsible for a specific matter present a matter to the Court (and be prepared for related

questions and negotiations at the courthouse) rather than have a single attorney get fully up to speed on all matters on the calendar.  As to WF&G's review of documents, again that was done in a cost efficient manner calculated to balance keeping all attorneys involved in the case up to speed while minimizing costs.  Accordingly, the U.S. Trustee's duplication of effort objection is baseless.

        C.    <u>WF&G's Time Charges For Fee Statement Related Work Are Appropriate</u>

        25.    The U.S. Trustee objects to WF&G's time charges for preparing monthly fee statements as non-compensable "overhead" and for work responding to fee objections.  In combination, the U.S. Trustee's objections to such WF&G charges in the U.S. Trustee's four objections aggregate approximately $80,000.  Such objections are unfounded and should be overruled.

        26.    As WF&G's time detail reflects, the challenged fee statement work did not include preparation of invoices in the format usually provided to WF&G's non-debtor clients, but only included incremental work made necessary by the U.S. Trustee guidelines, Court orders, and other legal requirements (such as to redact privileged material).  As that work solely was required for bankruptcy billing purposes, the corresponding fees should be allowed.  Further, if that incremental work had not been performed in connection with monthly fee statements, then WF&G still would have incurred the same fees when preparing WF&G's Fee Application (and the U.S. Trustee has no objection to fees incurred to prepare fee applications).

        27.    Another portion of the U.S. Trustee's fee work objection concerns WF&G's assistance serving and coordinating the Debtor's other professionals' monthly fee statements in order to save the estate incremental costs associated with multiple packages being sent to a service party and other duplicate efforts.  This work was done <u>at the Debtor's request</u> because the alternative would have been higher fees for each of the Debtor's professionals to

fend for itself.  Hence, WF&G's efforts actually saved the Debtor money.  Accordingly, the UST

Objection should be overruled in this respect and WF&G's fees for monthly fee statement

preparation and service should be allowed in full.

28.    The U.S. Trustee also contends that WF&G's fees incurred in connection

with responding to and successfully defending against the U.S. Trustee's objections to WF&G's

fee applications are not compensable.[8]  To the contrary, courts allow professionals to be

compensated for defeating objections to their fee applications.  See, e.g., In re Worldwide Direct

Inc., 334 B.R. 108, 112 (D. Del. 2005) (citing multiple cases in which fees incurred in

successfully defending against fee objections were allowed and noting that to disallow such fees

"would be to provide an unhealthy incentive for persons opposed to professional fees to mount

spurious objections as a means of extracting fee reductions").

29.    The U.S. Trustee's position is not even supported by the cases he cites.  In

St. Rita's, counsel was seeking fees in connection with an objection interposed by the debtor, the

counsel's own client.  See In re St. Rita's Associates Private Placement, L.P., 260 B.R. 650, 650-

51 (Bankr. W.D.N.Y. 2001).  As the client/debtor had interposed the objection, the court applied

the general rule that each side should bear the cost of its own counsel and found the

professional's fees did not benefit the estate.  That is not the situation here, however, as the

Debtor consistently supported allowance of WF&G's requested fees and the Court ultimately

approved each of WF&G's interim fee applications in full.

30.    In Fibermark, also cited in the UST Objection, the challenged fee

applications had multiple deficiencies and did not conform to applicable guidelines and orders.

See In re Fibermark Inc., 349 B.R. 385, 401-413 (Bankr. D. Vt. 2006).  Due to certain of those

---

[8]    WF&G also incurred fees and expenses associated with assisting other professionals in drafting, filing, and
serving their responses to the U.S. Trustee's objection to certain of such professionals' fee applications.
Such fees and expenses should be allowed for the same reasons.

errors, the Court disallowed compensation to one firm for time spent preparing monthly fee statements, and compensation to another firm for time spent supplementing its inadequate fee application.  See id. at 410; 405-06.  However, the Court did not establish a *per se* rule that successful defense of an appropriate fee application is not compensable.  Accordingly, the UST Objection should be overruled and WF&G's fees for responding to and defending against the U.S. Trustee's objections to WF&G's interim fee applications should be allowed in full.

   D. <u>WF&G Allocated Work Appropriately</u>

   31. The U.S. Trustee alleges WF&G's representation of the Debtor resulted in excessive costs based on the fact that a senior partner's fees comprised a substantial proportion of the total fees sought by WF&G.  Notably, the U.S. Trustee does not specify a single time entry of that partner (Mr. Lipkin) as constituting an inappropriate task.  Further, this argument is inconsistent with the U.S. Trustee's earlier objection concerning the number of WF&G attorneys at certain hearings.  In effect, as WF&G's lead attorney would attend any significant hearing, his initial involvement in certain matters saved money at the ultimate hearings.  Moreover, each time the U.S. Trustee raised that objection, he asserted the same arbitrary amounts for such purported "unnecessary" fees (i.e., $50,000 for each of the second, third, and fourth fee application periods) to seek a total fee reduction  of $150,000.  Notably, WF&G's $165,000 voluntary fee reduction based on freezing Mr. Lipkin's billing rate was made <u>after</u> most of the U.S. Trustee's fee objections were filed and, therefore, <u>was</u> <u>not</u> <u>considered</u> by the U.S. Trustee when making those objections.

   32. In fact, WF&G's work allocation substantially <u>reduced</u> the Debtor's fees. WF&G delegated work that could be handled by other firms to IMC's special counsel for corporate, regulatory, labor, and PBGC matters.  As to legal work handled by WF&G, in certain instances, it was more efficient for a single attorney to handle a matter to avoid the fees incurred

in multiple revisions of draft documents, intra-office conferences (which the U.S. Trustee has objected to in connection with certain other professionals' fee applications), and the time and expense that might accompany efforts to coordinate work among multiple professionals.  In addition, as the U.S. Trustee is well aware, there was significant activity in this case (including Board meetings, negotiation of closure plan issues, negotiation of settlements of numerous disputes, development of and revision to the Plan and Disclosure Statement, and preparing for the confirmation hearing) that has required advice to the Debtor's board and management on sensitive and politically-charged issues.  Regarding these matters, the Debtor required and was benefitted by receiving timely expertise directly from a seasoned professional.  Also, on virtually all significant matters in this case, WF&G has been required to interact primarily, if not exclusively, with relatively senior partners at other firms.  See, e.g., Preliminary Statement and paragraph 34 below for the far higher percentages of partner time at other firms involved in this case than by WF&G.  Further, the nature of a chapter 11 case involves numerous time-sensitive matters in which there often is not sufficient time to first delegate work to a junior associate and then have it reviewed and revised by a partner.  Instead, it often is more time efficient and cost effective to have the partner handle the matter from the outset.

33.    Indeed, most clients demand more, not less, partner involvement and believe partner work is where the client gets the best economic value.  In contrast, clients sometimes question fees for junior associate work in terms of value.  Hence, the U.S. Trustee (and DASNY) have this issue completely backwards.

34.    Further, most firms retained in this case had a percentage of partner hours much higher than WF&G:  (a) partners at Alston & Bird LLP billed 59% of that firm's total hours; (b) partners at DiConza Traurig Kadish LLC billed 71% of that firm's total hours; and (c)

partners at Garfunkel Wild billed 81% of that firm's total hours.  Even DASNY's law firm, Winston & Strawn, had approximately 68% of its hours billed by partners.  In contrast, partners at WF&G billed only 41% of WF&G's total hours.

35.    Regardless, the US. Trustee has provided no valid basis for reducing WF&G's fees based on the number of hours billed by Mr. Lipkin.  Moreover, even if the U.S. Trustee had a legitimate objection, the $150,000 reduction requested by the U.S. Trustee is more than covered by the approximately $165,000 saved due to WF&G voluntarily freezing Mr. Lipkin's billing rate during this case.

E.    The Debtor's Motion Seeking To Avoid Appointment
Of A Patent Care Ombudsman And The Debtor's Response To
The Ombudsman's First Report Were Reasonable And Appropriate

36.    The U.S Trustee also challenges WF&G's fees incurred in seeking an order determining that no patient care ombudsman ("**Ombudsman**") need be appointed in this case (approximately $20,000) and in preparing a response to the Ombudsman's first interim report (approximately $17,000).  In both instances, WF&G's fees were reasonable.

37.    The U.S. Trustee previously conceded that a professional need not prevail on a motion in order to be entitled to compensation for the related work, but that such work only need be "reasonable at the time".  See Docket No. 449, p. 16.  Here, although the Debtor did not prevail on its Ombudsman motion, the Debtor's position was reasonable.  First, contrary to the U.S. Trustee's allegation that appointment of the Ombudsman was "required by Statute", this Court had discretion to determine otherwise.  Second, there is substantial case law precedent for such a ruling in similar circumstances.[9]  Third, as predicted by IMC, the Ombudsman and its

---

[9]    See, e.g., In re North Shore Hematology-Oncology Associates, P.C., 400 B.R. 7, 12-13 (Bankr. E.D.N.Y. 2008) (finding appointing of patient care ombudsman for the debtor unnecessary based primarily on:  (i) debtor's internal monitoring programs; (ii) the adequate of the existing complaint process; (iii) the small number of complaints over the previous fourteen months; and (iv) the oversight of the New York State Department of Health); In re William L. Saber, M.D., P.C., 369 B.R. 631, 637-38 (Bankr. D.

counsel incurred almost $400,000 in direct fees and expenses during this case, and probably at least that amount again was incurred by the Debtor for the numerous hours the Debtor's management had to interact with the Ombudsman and for time spent by other professionals interfacing with the Ombudsman.  Meanwhile, there is no tangible evidence the Ombudsman's services added corresponding value to the Debtor's estate.  Hence, regardless of the denial of IMC's motion, there is no question that the Debtor's efforts through WF&G to seek to avoid almost $800,000 of Ombudsman related fees were reasonable, particularly in light of IMC's cash crunch during most of this case.

38.    Correspondingly, WF&G's fees incurred in reviewing and addressing the Ombudsman's first report were critical to the Debtor.  WF&G's efforts resulted in substantial revisions and corrections to that report at a highly sensitive time for IMC, when public filing of inaccurate information could have harmed IMC severely.  Also, such efforts helped educate the Ombudsman so it could perform its role.  Consequently, WF&G's fees incurred concerning the Ombudsman should be allowed in full.

39.    Thus, not only are the U.S. Trustee's objections invalid, but they have been largely addressed.  The $165,000 in savings from WF&G's billing rate freeze exceeds the $150,000 reduction the U.S. Trustee seeks regarding Mr. Lipkin's billed hours.  Also, the annotated time entries WF&G filed should resolve any potential vagueness or lumping issues the U.S. Trustee raised in its objection seeking an aggregate of $79,000 in further fee reductions. Consequently, the U.S. Trustee's request for an approximately $360,000 fee reduction is unjustified.

---

Colo. 2007) (finding appointment of patient care ombudsman unnecessary as:  (i) bankruptcy was not precipitated by concerns relating to patient care or privacy matters; (ii) the financial difficulties during bankruptcy were unlikely to impair the debtor's ability to provide quality medical care; and (iii) the debtor was experienced and in good professional standing); In re Total Woman Healthcare Ctr., P.C., No. 06-5200, 2006 WL 3708164, at *1-3 (Bankr. M.D. Ga. Dec. 14, 2006) (declining to appoint an ombudsman because, among other things, patients had not been adversely affected by the bankruptcy filing).

### III.    UPDATES TO WF&G'S FEE APPLICATION

40.    The WF&G Fee Application [Docket No. 1249] seeks:  (a) interim allowance of compensation for professional services rendered and reimbursement of expenses incurred during the Fourth Application Period in the amount of $1,637,668.32, which includes: (i) compensation of $1,617,615.00 in fees for services rendered to the Debtor, and (ii) reimbursement of $58,887.61 in actual and necessary expenses.  Those amounts included: (a) 20% of WF&G's fees that were "held back"; and (b) the total amounts requested in connection with WF&G's May Fee Statement (i.e., $451,930.59) and June Fee Statement (i.e., $254,298.74). [10]

41.    Since then, WF&G received 80% of the total fees and 100% of the expenses requested in connection with the May Fee Statement and June Fee Statement. Accordingly, the total unpaid amount now due WF&G is $1,129,617.79, representing:  (a) 20% of WF&G's fees that have been "held back" for the period December 2, 2012 through June 19, 2014 (i.e., $1,067,748.90); (b) the total amounts requested for fees billed post-June 19, 2014 through August 31, 2014, in connection with WF&G's Matter 9 (Retention of Professionals – Application, Preparation) (i.e., $9,288.41) and Matter 10 (Fee Application Preparation and Defense (i.e., $27,580.48); and (c) fees and disbursements of approximately $25,000, incurred or to be incurred by WF&G since September 1, 2014, associated with the prosecution and defense of Fee Claims, including the preparation and filing of this response, settlement efforts, and participation in the September 22, 2014 hearing.  The final amount awarded to WF&G would be reduced by application of WF&G's $327,878.67 retainer.

---

[10]    The WF&G Fee Application incorrectly stated WF&G's "held back" fees of $744,225.90 included "held back" fees through April 30, 2014.  In fact, that amount only included held back fees accrued through January 31, 2014.

## CONCLUSION

WHEREFORE, WF&G respectfully requests that the Court enter an order

granting in full the WF&G Fee Application as updated herein, including all post June 19, 2014

Fee Claim related fees and expenses, and granting WF&G such other and further relief as might

be just or proper.

Dated:  September 19, 2014

WILLKIE FARR & GALLAGHER LLP


By: /s/ Alan J. Lipkin
    Alan J. Lipkin
    Anna C. Burns

787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Pro Se*

<u>**Exhibit A**</u>

**Plan Reserves**

The Reserves set up under the Plan (in thousands) include the following:

| | |
|---|---:|
| Total Administrative Claims (other than Post Petition Medical Malpractice and Fee Claims) | $12,100 |
| Post-Petition Medical Malpractice Claims | 3,900 |
| Fee Claims | 4,900 |
| Priority Claims (non-tax) | 4,300 |
| Priority Claims | 600 |
| Other Secured Claims | 700 |
| East Building Class 5 Claims | 1,300 |
| U.S. Trustee Fees | 120 |
| D&O Indemnification Account (after payment of additional Tail Insurance cost) | 1,700 |
| Disbursing Trust Fees and Expenses (including Professionals' Fees) | 2,000 |
| Backstop Reserve | 2,000 |
| | $33,620 |

Confirmation Order, Exh. 5.

**Exhibit B**

**Supplemented Time Records**

# MATTER TIME DETAIL

Run Date & Time: 7/18/2014    1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00002  CASE ADMINISTRATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 02/12/2014 | | | Emails with PCO attorney (J. Traurig) and R. Mariani re: monthly checks (.1); Review court filing re: notices, court appearances, etc. (.1). | 0.2 | 226.00 | 1572426( |
| 15615 | FITE K | LEGAL ASSISTANT | 02/13/2014 | | | Circulate items filed on docket, e.g. second stip modifying final DIP order, to attorneys. | 0.2 | 40.00 | 1571893; |
| 03389 | LIPKIN A J | PARTNER | 02/13/2014 | | | Review e-mail re: asset inquiry. | 0.1 | 113.00 | 1572427( |
| 13723 | BURNS A | ASSOCIATE | 02/18/2014 | | | Review case calendar and corr. w/ K. Fite re: admin matters. | 0.2 | 154.00 | 1576809; |
| 15615 | FITE K | LEGAL ASSISTANT | 02/18/2014 | | | Update case calendar, e.g. w/ dates for next interim fee apps, and circulate to attorneys. | 0.2 | 40.00 | 1573088! |
| 03389 | LIPKIN A J | PARTNER | 02/18/2014 | | | Review reports re: Medicaid waiver dollars. | 0.2 | 226.00 | 1572430( |
| 15615 | FITE K | LEGAL ASSISTANT | 02/19/2014 | | | Pull and circulate docket items, e.g. Nixon Peabody interim fee app, to attorneys. | 0.4 | 80.00 | 1573089! |
| 03389 | LIPKIN A J | PARTNER | 02/19/2014 | | | Analyze WFG case calendar. | 0.1 | 113.00 | 1574764( |
| 13723 | BURNS A | ASSOCIATE | 02/20/2014 | | | T/c w/ K. Fite re: admin matters, including notices, hearing, scheduling, etc. | 0.3 | 231.00 | 1576812( |
| 03389 | LIPKIN A J | PARTNER | 02/20/2014 | | | T/c w/ Bowery rep. re: VISA claim and exchange related e-mails with R. Mariani. | 0.1 | 113.00 | 1574766; |
| | | | 02/21/2014 | | | Review multiple articles re: LICH developments and IHC implications. | 0.2 | 226.00 | 1575133( |
| 13723 | BURNS A | ASSOCIATE | 02/24/2014 | | | Corr. w/ J. Giardina re: stay vs claims vs employees (.1); t/c w/ R. Mariani re: parties in interest/conflicts and related follow up (.2). | 0.3 | 231.00 | 1579724; |
| 15615 | FITE K | LEGAL ASSISTANT | 02/24/2014 | | | Prepare January MOR for filing (.4); pull and circulate filed version (.1); circulate misc. case files, e.g. parties in interest list, to attorneys (.1); update case calendar, e.g. with new objection deadline for UST motion to appoint ch. 11 trustee (.2). | 0.8 | 160.00 | 1575842; |
| 15446 | JONES S D | PARTNER | 02/24/2014 | | | Review of MOR and related corr. w/ K. Fite, S. Renzo re: filing same. | 0.2 | 175.00 | 1577047( |
| 03389 | LIPKIN A J | PARTNER | 02/24/2014 | | | E-mails with W. Curtin and A. Burns re: fee hearing scheduling, etc. | 0.2 | 226.00 | 1575133! |
| 15615 | FITE K | LEGAL ASSISTANT | 02/27/2014 | | | Save pleadings filed on docket, e.g. 3M pro hac motions. | 0.1 | 20.00 | 1575844; |
| 13723 | BURNS A | ASSOCIATE | 02/28/2014 | | | T/c w/ Chambers re: omnibus hearing dates, rescheduling same. | 0.1 | 77.00 | 1576819( |

Review email re: asset purchase inquiry.

3

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014   1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00002  CASE ADMINISTRATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 15615 | FITE K | LEGAL ASSISTANT | 02/28/2014 | | | Update case calendar, e.g. with adjourned 3/24 hearing date (.4); review UST contact info per A. Burns (.1); draft notice of adjournment for 3/24 hearing (.3). | 0.8 | 160.00 | 1575845 |
| 13723 | BURNS A | ASSOCIATE | 03/03/2014 | | | Review notice of hearing/rescheduling of 3/24 hearing and revisions to same (.2); review case calendar and updates to same (.1). | 0.3 | 231.00 | 1576820 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/03/2014 | | | Prepare notice of adjournment of 3/24 hearing for filing (.5); scan/organize case files re: med mal and other litigation records (.5); ensure case calendar is up to date and circulate to attorneys (.2); circulate items filed on docket, e.g. entered order re: supplemental E&Y retention, to attorneys (.2); corr. w/ A. Burns re: case status and upcoming to-dos (.2); t/c w/ managing attorney's office re: filing of 3/24 adjournment notice (.2); pull and circulate filed version of same to attorneys (.1). | 1.9 | 380.00 | 1587096 |
| 03389 | LIPKIN A J | PARTNER | 03/03/2014 | | | Review Orders entered by Bankruptcy Court re: E&Y and redactions (.1); Revise Notice of Adjournment of 3/24 hearing and exchange related e-mails with K. Fite (.1). | 0.2 | 226.00 | 1578115 |
| 13723 | BURNS A | ASSOCIATE | 03/04/2014 | | | Corr. w/ A. Cannon re: research on taxes (.1); corr. w/ K. Fite re: 3/24 adjournment notice (.1). | 0.2 | 154.00 | 1578249 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/04/2014 | | | Update case calendar, e.g. with final exclusivity deadlines. | 0.1 | 20.00 | 1578274 |
| | | | 03/05/2014 | | | Draft notice of adjournment of 3/10 hearing on term sheet and ch. 11 trustee motions (.4); revise per A. Lipkin comments (.3); prepare same for filing (.5); circulate filed version to attorneys (.1). | 1.3 | 260.00 | 1578276 |
| 03389 | LIPKIN A J | PARTNER | 03/05/2014 | | | T/cs w/ A. Burns re: 3/13 hearing Notice and t/cs w/ Chambers re: hearings (.1); Revise Notice of 3/13 hearing and related e-mails with K. Fite and A. Burns (.2). | 0.3 | 339.00 | 1580668 |
| 13723 | BURNS A | ASSOCIATE | 03/06/2014 | | | T/c w/ K. Fite re: hearings, filings for next week. | 0.1 | 77.00 | 1578252 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/06/2014 | | | Update case calendar, e.g. with new 3/13 hearing date and related objection/reply deadlines. | 0.3 | 60.00 | 1578276 |
| 13723 | BURNS A | ASSOCIATE | 03/07/2014 | | | T/c w/ K. Fite re: calendar and upcoming filings. | 0.1 | 77.00 | 1578252 |

MATTER TIME DETAIL

| | | | | | | | | 4 |
|---|---|---|---|---|---|---|---|---|

Run Date & Time:  7/18/2014   1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00003  CLAIMS ADMINISTRATION AND OBJECTIONS
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 03/17/2014 | | | T/c w/ B. Katz re: claims review and objections (.1); Analyze CR schedule of filed secured claims and related commentary (.2); T/c w/ B. Katz and J. Baum re: administrative and priority claims and bar date (.3). | 0.6 | 678.00 | 1580946. |
| 15615 | FITE K | LEGAL ASSISTANT | 03/18/2014 | | | Draft omni claims objection procedures motion. | 2.1 | 420.00 | 1580374. |
| 15446 | JONES S D | PARTNER | 03/18/2014 | | | Corr. w/ R. Mariani re: NYS taxing authority claims (.2); Corr. w/ S. Dwyer, A. Lipkin re: prepetition medmal actions (.2); Corr. w/ K. Fite re: action list (.1) Corr. w/ A. Cannon, B. Katz, J. Baum re: claims reconciliation (.2); Corr. w/ A. Burns re: resolution of 3M admin expense motion (.1). | 0.8 | 700.00 | 1580141. |
| 03389 | LIPKIN A J | PARTNER | 03/18/2014 | | | Review lists of actions commenced post petition and exchange related e-mails with S. Jones and S. Dwyer (.3); Review R. Mariani and S. Jones e-mails re: NYS tax claims (.1); T/c w/ B. Katz re: NYS tax claims (.1). | 0.5 | 565.00 | 1580947. |
| 14526 | CANNON A W | ASSOCIATE | 03/19/2014 | | | Draft admin bar date motion and related corr. w/ A. Lipkin (2.9); review and revise same and corr. w/ S. Jones re: same (.6). | 3.5 | 2,537.50 | 1580718. |
| 15446 | JONES S D | PARTNER | 03/19/2014 | | | Corr. w/ A. Cannon re: claims procedure motion, admin expense form (.2); Corr. w/ A. Cannon re: admin bar date motion (.1). | 0.3 | 262.50 | 1580481. |
| 15615 | FITE K | LEGAL ASSISTANT | 03/20/2014 | | | Complete draft/shell for omni claims objection procedures motion. | 0.8 | 160.00 | 1580486. |
| 15446 | JONES S D | PARTNER | 03/20/2014 | | | Corr. w/ J. Baum re: claim issues. | 0.1 | .50 | 1581832. |
| 15615 | FITE K | LEGAL ASSISTANT | 03/24/2014 | | | Save Dept of Labor claim to WF&G system. | 0.1 | | 1581499. |
| 03389 | LIPKIN A J | PARTNER | 03/24/2014 | | | Review material re: bar order scope in SDNY (.1); Review Dept. of Labor postpetition claim and forward to B. Katz and related e-mail with J. Baum (.2). | 0.3 | 339.00 | 1582669. |
| 14526 | CANNON A W | ASSOCIATE | 03/25/2014 | | | Meeting w/ S. Jones re: admin bar date (.4); email w/ A. Lipkin re: same (.1); t/c w/ DASNY re: same (.1). | 0.6 | 435.00 | 1581176. |
| 15446 | JONES S D | PARTNER | 03/25/2014 | | | Revising admin bar date motion (.3); corr. w/ A. Cannon re: same (.3); related corr. w/ D. Neier (.1). | 0.7 | 612.50 | 1581835. |

Corr. w/ J. Baum re: claim issues, including claim procedures and admin. claims.

**MATTER TIME DETAIL**

Run Date & Time:  7/18/2014    1:11:04PM

Client:  120157  INTERFAITH MEDICAL CENTER

Matter:  00003  CLAIMS ADMINISTRATION AND OBJECTIONS

Currency:  USD

Worked 02/01/2014 Thru 05/31/2014

Billing Partner:  LIPKIN A J

Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 03/25/2014 | | | E-mails with A. Cannon and S. Jones re: administrative claims bar date. | 0.2 | 226.00 | 15826711 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/26/2014 | | | Corr. w/ IMC and WF&G team re: postpetition claims (.2); corr. w/ S. Jones re: omni claims objection and review bankruptcy rule (.2). | 0.4 | 80.00 | 15825472 |
| 15446 | JONES S D | PARTNER | 03/26/2014 | | | Corr. w/ K. Fite, S. Dwyer re: admin claim reconciliation (.2); Corr. w/ A. Lipkin re: admin bar date (.1); Corr. w/ A. Cannon re: claim procedure motion (.1). | 0.4 | 350.00 | 15818360 |
| 03389 | LIPKIN A J | PARTNER | 03/26/2014 | | | E-mails with S. Jones re: administrative claims bar date. | 0.1 | 113.00 | 15826729 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/27/2014 | | | Review e-mails from S. Dwyer w/ post-petition claims info (.2); research (1.5) and draft (1.7) first omnibus claims objection. | 3.4 | 680.00 | 15825477 |
| 15446 | JONES S D | PARTNER | 03/27/2014 | | | Corr. w/ J. Baum re: contract cure (.1); Corr. w/ K. Fite re: new postpetition claim (.1); Revising claim procedures motion (.5); related corr. w/ A. Cannon (.1). | 0.8 | 700.00 | 15843161 |
| | | | 03/28/2014 | | | Corr. w/ A. Cannon re: claims objection, procedure motion. | 0.1 | 87.50 | 15843178 |
| 14526 | CANNON A W | ASSOCIATE | 03/31/2014 | | | Review research re: omni procedures motion (.2); review comments to omni objection and omni procedures motion (.2); meeting and t/c w/ K. Fite re: same (.3). | 0.7 | 507.50 | 15832486 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/31/2014 | | | Assist A. Cannon in revising omni claims objection procedures motion (.8) and first omni claims objection (.9); e-mail to S. Jones re: same (.4); o/c w/ A. Cannon re: same (.3); update list of post-petition claims actions (1.0); assist A. Cannon w/ updates to first omni claims objection and related research 1.0). | 4.4 | 880.00 | 15870975 |
| 15446 | JONES S D | PARTNER | 03/31/2014 | | | Corr. w/ A. Lipkin re: admin bar date notice. | 0.1 | 87.50 | 15839542 |
| 03389 | LIPKIN A J | PARTNER | 03/31/2014 | | | E-mails with A. Cannon and S. Jones re: administrative claims bar date. | 0.2 | 226.00 | 15838673 |
| 13723 | BURNS A | ASSOCIATE | 04/01/2014 | | | Corr. w/ counsel to 3M re: withdrawal of pending motion for administrative claim. | 0.1 | 77.00 | 15930031 |
| 14526 | CANNON A W | ASSOCIATE | 04/01/2014 | | | Review precedent for med mal bar dates and corr. w/ A. Lipkin and A. Burns re: same. | 0.8 | 580.00 | 15846581 |
| 03389 | LIPKIN A J | PARTNER | 04/01/2014 | | | E-mails with S. Jones and A. Cannon re: administrative bar date and related notices. | 0.2 | 226.00 | 15878805 |

Review precedent for med mal bar dates (.7); Corr. w/ A. Lipkin and A. Burns re: same (.1).

**MATTER TIME DETAIL**

Run Date & Time:  7/18/2014    1:11:04PM
Client:   120157  INTERFAITH MEDICAL CENTER
Matter:   00003  CLAIMS ADMINISTRATION AND OBJECTIONS
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 13723 | BURNS A | ASSOCIATE | 04/02/2014 | | | T/c w/ S. Jones on admin bar date and funding issues (.1); t/c w/ A. Cannon on bar date for claims filed by covered persons (.1). | 0.2 | 154.00 | 15913901 |
| | | | 04/02/2014 | | | Review list of postpetition actions w/ K. Fite and discuss obtaining missing contact information for service purposes. | 0.2 | 154.00 | 15913900 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/02/2014 | | | Revise omnibus claims objection procedures motion (.3); related docket research per A. Cannon (.2); compile list of post-petition claims matters (1.1). | 1.6 | 320.00 | 15851300 |
| | | | 04/02/2014 | | | Corr. w/ Donlin re: post-petition claims contacts. | 0.2 | 40.00 | 15851300 |
| 03389 | LIPKIN A J | PARTNER | 04/02/2014 | | | E-mails with A. Cannon and S. Jones re: bar date and claims objection, procedures, issues, and motions. | 0.2 | 226.00 | 15878818 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/03/2014 | | | Review summary of PBGC claims in DS objection (.1); corr. w/ Donlin re: noticing for postpetition claims (.2). | 0.3 | 60.00 | 15853090 |
| 03389 | LIPKIN A J | PARTNER | 04/04/2014 | | | T/cs and e-mails with S. Korf and A. Burns re: HHS claim issues and resolution. | 0.5 | 565.00 | 15892060 |
| | | | 04/06/2014 | | | E-mails with A. Cannon re: administrative bar date issues. | 0.3 | 339.00 | 15909337 |
| | | | 04/07/2014 | | | T/cs and e-mails with A. Cannon re: Covered Person and medical malpractice claims resolution and related document revisions. | 1.3 | 1,469.00 | 15892068 |
| 14526 | CANNON A W | ASSOCIATE | 04/08/2014 | | | Review and revise Omni Claims Objection Procedures Motion (.3); email w/ A. Lipkin and S. Jones re: same (.1). | 0.4 | 290.00 | 15927304 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/08/2014 | | | Review edits to omnibus claims procedures motion (.2); corr. w/ A. Cannon re: same (.1). | 0.3 | 60.00 | 15859240 |
| 15446 | JONES S D | PARTNER | 04/08/2014 | | | Corr. w/ A. Cannon re: claims motions. | 0.1 | 87.50 | 15870043 |
| 03389 | LIPKIN A J | PARTNER | 04/08/2014 | | | E-mails with C. Simpson re: Foundation parking lot ownership and settlement of Foundation issues (.3); E-mails with D. Neier re: Foundation settlement (.2). | 0.5 | 565.00 | 15892074 |
| 15446 | JONES S D | PARTNER | 04/10/2014 | | | Corr. w/ R. Dakis re: Empire/Amerigroup claims. | 0.1 | 87.50 | 15865373 |

## MATTER TIME DETAIL

Run Date & Time: 7/18/2014    1:11:04PM  
Client: 120157 INTERFAITH MEDICAL CENTER  
Matter: 00006 FINANCING, CASH COLLATERAL AND ADEQUATE PROTECTION  
Currency: USD

Worked 02/01/2014 Thru 05/31/2014  
Billing Partner: LIPKIN A J  
Matter Type: BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 02/14/2014 | | | E-mails with R. Mariani re: VAP dollars. | 0.1 | 113.00 | 15724285 |
| | | | 02/21/2014 | | | T/c w/ R. Mariani re: DIP funding (.1); E-mails with D. Neier re: next funding, etc. (.3); Review DOH e-mail re: funding (.1); E-mails with R. Zahnleuter and D. Neier re: funding and related issues (.2); T/cs w/ B. Katz re: funding (.2); E-mails with IMC Board and management re: funding issues (.3). | 1.2 | 1,356.00 | 15751333 |
| | | | 02/24/2014 | | | E-mails with B. Katz re: financing status. | 0.1 | 113.00 | 15751340 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/25/2014 | | | Send B. Katz WF&G January fee numbers. | 0.1 | 20.00 | 15758433 |
| 03389 | LIPKIN A J | PARTNER | 02/25/2014 | | | Partial t/c w/ B. Katz and R. Mariani re: funding and DOH/DASNY (.4); T/c w/ B. Katz re: funding issues and send related e-mail to K. Fite (.2); Review B. Katz e-mails re: Prof. Reserve account (.1). | 0.7 | 791.00 | 15751345 |
| | | | 02/26/2014 | | | E-mails with D. Porter re: Medicaid waiver funding. | 0.1 | 113.00 | 15751353 |
| | | | 02/27/2014 | | | E-mails with D. Neier re: GDS work (.1); T/c w/ B. Katz re: funding issues (.1). | 0.2 | 226.00 | 15759111 |
| | | | 02/28/2014 | | | T/c w/ B. Katz and R. Mariani re: funding issues (.2); T/c w/ B. Katz re: DASNY t/c and financing, etc. (.2). | 0.4 | 452.00 | 15759121 |
| | | | 03/03/2014 | | | T/c w/ B. Katz re: funding issues (.1); E-mails with D. Neier, R. Zahnleuter, R. Mariani and B. Katz re: funding issues (.2). | 0.3 | 339.00 | 15781156 |
| | | | 03/04/2014 | | | T/c w/ R. Mariani and B. Katz re: accounting and financing issues. | 0.4 | 452.00 | 15781159 |
| | | | 03/05/2014 | | | Review R. Mariani e-mail re: new funding (.1); Revise CRO exhibit A re: DIP authority and related e-mails with D. Neier (.2) | 0.3 | 339.00 | 15806688 |
| 13723 | BURNS A | ASSOCIATE | 03/06/2014 | | | Review draft third DIP stipulation. | 0.1 | 77.00 | 15782518 |
| 03389 | LIPKIN A J | PARTNER | 03/06/2014 | | | E-mails with D. Neier re: DASNY/DIP commitment (.2); Review L. Volk and B. Katz e-mails re: plan funding and related t/c w/ B. Katz (.4); Review DASNY draft of third DIP stipulation and exchange related e-mails with D. Neier and management (.4); E-mails with R. Mariani and B. Katz re: DIP commitment (.2). | 1.2 | 1,356.00 | 15806697 |

Send B. Katz WF&G January fee numbers for preparing cash collateral budget.

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00006  FINANCING, CASH COLLATERAL AND ADEQUATE PROTECTION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 13723 | BURNS A | ASSOCIATE | 03/26/2014 | | | Prepare for and attend hearing on new CRO retention, third DIP stipulation, and interim fee applications. | 2.0 | 1,540.00 | 15870960 |
| 03389 | LIPKIN A J | PARTNER | 03/26/2014 | | | Prepare for and present term sheet motion re: 3rd DIP stipulation. | 0.3 | 339.00 | 15826725 |
| | | | 04/15/2014 | | | Review W&S March invoice. | 0.1 | 113.00 | 15892111 |
| | | | 04/16/2014 | | | Review and organize materials re: DASNY/DOH plan funding, etc. | 0.4 | 452.00 | 15892121 |
| | | | 04/17/2014 | | | Analyze DASNY DIP Order and Agreement re: Committee issues. | 0.3 | 339.00 | 15892129 |
| | | | 04/21/2014 | | | T/c w/ D. Neier and B. Katz re: DIP and exit financing. | 0.6 | 678.00 | 15892151 |
| | | | 04/23/2014 | | | Review and forward D. Neier e-mail and DOH exit filing commitment letter (.1); E-mails with D. Neier re: Reorg. IMC exit financing (.1); E-mails with J. Goldfarb re: exit financing (.1); E-mails with M. Cyganowski and S. Korf re: Reorg. IMC exit financing documentation (.1); E-mails with R. Mariani re: financing (.1). | 0.5 | 565.00 | 15910951 |
| | | | 04/24/2014 | | | T/c w/ D. Neier re: plan funding issues for DASNY designee and follow-up (.2); E-mails with B. Katz re: designee financing (.2); E-mails with A. Burns re: 4th DIP stipulation (.1); Review D. Neier e-mail re: 4th DIP stipulation (.1). | 0.6 | 678.00 | 15910959 |
| | | | 04/25/2014 | | | Conf. w/ D. Neier re: new DIP stipulation and exit financing (.2); T/c and e-mails with D. Neier re: new DIP stipulation (.2); review DIP stipulation (.1). | 0.5 | 565.00 | 15910970 |
| | | | 04/28/2014 | | | Review D. Neier draft of 4th DIP stipulation and related e-mail (.1); E-mails with D. Neier re: exit financing (.1); T/c w/ D. Neier and B. Katz re: exit financing (.3); Revise exit financing description for plan supplement (.2). | 0.7 | 791.00 | 15910985 |
| | | | 04/29/2014 | | | E-mails with L. Volk re: real estate. | 0.1 | 113.00 | 15910991 |
| 13723 | BURNS A | ASSOCIATE | 04/30/2014 | | | Review and revise notice of hearing for DIP stipulation (.2) and related corr. w/ K. Fite (.1); Revise same per A. Lipkin comments (.2); prepare same to file (.2). | 0.7 | 539.00 | 15914086 |

**MATTER TIME DETAIL**

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00007  CREDITORS' COMMITTEE AND CREDITOR INQUIRIES
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 04/22/2014 | | | Analyze certain Rule 2004 documents re: privilege issues (.7); T/c w/ B. Katz re: his t/c w/ CBIZ (.2); T/cs w/ B. Katz re: communications to and charts for Committee re: class 4 DASNY voting issues (.2); Finalize e-mail to M. Bunin and J. Spears re: DASNY voting objection and send e-mail and related charts to J. Spears/M. Bunin (.8); T/c w/Chiuchiolo re: Rule 2004 discovery/privilege issues (.2). | 2.1 | 2,373.00 | 1589216( |
| 13723 | BURNS A | ASSOCIATE | 04/23/2014 | | | T/c w/ A. Cannon on insurance creditor inquiry, related corr. w/ A. Cannon and A. Ambeault re: general handling of creditor inquiries re: plan. | 0.1 | 77.00 | 1591403( |
| 14526 | CANNON A W | ASSOCIATE | 04/23/2014 | | | Insurance creditor calls. | 0.2 | 145.00 | 1593002! |
| 14888 | CHIUCHIOLO N W | ASSOCIATE | 04/23/2014 | | | Meeting with A. Lipkin to discuss claims asserted by IM Foundation concerning properties owned by IMC and IM Foundation (.3); continue to enter documents withheld from Rule 2004 production on privilege log (2.8). | 3.1 | 2,123.50 | 1591863! |
| 15313 | HUDDELL N M | ASSOCIATE | 04/23/2014 | | | Review electronic documents received from IMC re: Rule 2004 discovery (1.1); Create entries in privilege log (.9); Related corr. w/ N. Chiuchiolo (.1). | 2.1 | 1,134.00 | 1588812( |
| 03389 | LIPKIN A J | PARTNER | 04/23/2014 | | | E-mails and conf. w/ N. Chiuchiolo re: Rule 2004 discovery and privilege issues. | 0.3 | 339.00 | 1591095; |
| 12865 | STOLTZFUS D M | ASSOCIATE | 04/23/2014 | | | Corr. w/ N. Chiuchiolo re: privilege issues in furtherance of preparation of privilege log requested by creditors' committee re: Rule 2004 discovery. | 0.2 | 162.00 | 1592054; |
| 14888 | CHIUCHIOLO N W | ASSOCIATE | 04/24/2014 | | | In connection with the Rule 2004 discovery, review documents identified as containing privileged material by the first-level review team and marked documents for the privilege log (2.2); corr. w/ N. Huddell re: same (.2). | 2.4 | 1,644.00 | 1591864; |
| 15313 | HUDDELL N M | ASSOCIATE | 04/24/2014 | | | Review electronic documents received from IMC re: Rule 2004 discovery (.2); Create searches within the Relativity review platform (.1); draft emails to N. Chiuchiolo re: the same (.1). | 0.4 | 216.00 | 1589023( |

T/C w/ scheduled creditor re: questions on plan provisions.

MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00007  CREDITORS' COMMITTEE AND CREDITOR INQUIRIES
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 14119 | ARAKELYAN M | LEGAL ASSISTANT | 05/05/2014 | | | Prepare documents re: medical malpractice Rule 2004 discovery for production. | 0.4 | 88.00 | 15951221 |
| 14888 | CHIUCHIOLO N W | ASSOCIATE | 05/05/2014 | | | Review documents collected from B. Katz in connection with the Committee's document request associated with its objection to confirmation of the First Amended Plan of Reorganization for IMC. | 5.6 | 3,836.00 | 16006149 |
| 03389 | LIPKIN A J | PARTNER | 05/05/2014 | | | Settlement t/c w/ M. Bunin re: Committee issues and plan voting (.4); Analyze Committee confirmation objection (.8); Quick review of Rule 2004 Privilege log and related t/cs w/ N. Chiuchiolo (.2); T/cs w/ B. Katz re: Committee discovery (.1); Review and forward Bunin e-mail re: A&B fee estimate (.1); T/c w/ B. Katz re: Depo. prep. (.1); T/c w/ D. Neier and L. Volk re: Committee settlement (.2); T/cs and e-mails with N. Chiuchiolo re: Committee discovery (.2). | 2.1 | 2,373.00 | 15988989 |
| 14119 | ARAKELYAN M | LEGAL ASSISTANT | 05/06/2014 | | | Prepare Rule 2004 discovery docs for attorney review (.3); finalize documents re: Rule 2004 discovery for production (.4). | 0.7 | 154.00 | 16028149 |
| 14888 | CHIUCHIOLO N W | ASSOCIATE | 05/06/2014 | | | Meeting w/ B. Katz, J. Baum, and A. Lipkin in preparation for B. Katz deposition by the committee of unsecured creditors and prep for the same; review documents collected from B. Katz i/c/w committee's request for documents related to their objection to the plan. | 6.1 | 4,178.50 | 16006159 |
| 13632 | LINTON S | ASSOCIATE | 05/06/2014 | | | Prepare J. Baum and A. Lipkin documents for production re: medical malpractice Rule 2004 discovery (4.0); conduct quality control check of production documents (.9); emails to and from N. Chiuchiolo and M. Arakelyan re: same (.2). | 5.1 | 3,412.50 | 16005189 |
| 03389 | LIPKIN A J | PARTNER | 05/06/2014 | | | Prepare for and attend meeting with B. Katz and J. Baum re: Committee depo. prep (1.9); T/c w/ B. Katz re: Committee depositions (.1); E-mails with M. Bunin and M. Johnson re: Katz deposition (.4); Analyze documents to prepare for M. Johnson and B. Katz prep session (1.1); E-mails with M. Bunin re: plan voting (.1); T/c and e-mails w/ N. Chiuchiolo re: document production and review related documents (.3). | 3.9 | 4,407.00 | 15989002 |

Meeting w/ B. Katz, J. Baum, and A. Lipkin in preparation for B. Katz deposition by the committee of unsecured creditors and prep for the same (2.6); Review documents collected from B. Katz i/c/w committee's request for documents related to their objection to the plan (3.5)

**MATTER TIME DETAIL**

Run Date & Time: 7/18/2014  1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00008  PLAN AND DISCLOSURE STATEMENT
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

For Acct
Only

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | Index |
|---|---|---|---|---|---|---|---|---|---|
| 13723 | BURNS A | ASSOCIATE | 04/04/2014 | | | Continue reviewing objections and drafting reply to disclosure statement objections (4.9); t/c w/ A. Lipkin re: PBGC comments to disclosure statement (.3); update disclosure statement with comments from PBGC (.6); t/c w/ A. Lipkin to discuss DASNY comments to plan (.7); conf. call w/ Donlin Recano and A. Cannon re: ballots, solicitation prep (.4); t/c w/ S. Korf and A. Lipkin re: HHS issues and objection (.2); revise plan based on DASNY comments and recent edits to disclosure statement (2.3); t/c w/ H. Ashner re: PBGC comments to disclosure statement (.2); conf. call w/ A. Lipkin, P. Labov, M. Brofman re: Manuka objection, covered persons fund, indemnification issues for doctors/residents/interns (.7); prepare plan, disclosure statement, related materials for A. Lipkin review (.9). | 10.6 | 8,162.00 | 15913910 |
| 14526 | CANNON A W | ASSOCIATE | 04/04/2014 | | | Prepare for and t/c w/ A. Burns and DRC re: balloting and conformation procedures (.9); research re: classification matters and multiple emails w/ A. Burns re: same (1.9). | 2.8 | | 15855373 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/04/2014 | | | Ensure classes of ballots are up to date. | 0.1 | 20.00 | 15854960 |
| 03389 | LIPKIN A J | PARTNER | 04/04/2014 | | | E-mails with D. Neier re: disclosure statement (.2); T/cs w/ A. Burns re: plan and disclosure statement revisions (.9); T/c w/ B. Katz re: revisions to financial exhibits to disclosure statement and new sources and uses exhibits (.8); T/c w/ A. Burns re: plan issues list and process (.1); T/c w/ P. Labov and M. Brofman re: medical malpractice issues in plan (.8); E-mails with D. Neier and A. Burns re: plan issues list and resolutions (.1); T/c w/ D. Neier and A. Burns re: plan changes (.3). | 3.2 | 3,616.00 | 15892062 |
| 13086 | AMBEAULT A | LEGAL ASSISTANT | 04/05/2014 | | | Research re: plans w/ DIP claims for A. Cannon. | 0.5 | 155.00 | 15855670 |
| 13723 | BURNS A | ASSOCIATE | 04/05/2014 | | | Draft summary chart for reply to objection to Disclosure Statement. | 2.1 | 1,617.00 | 15913912 |
| 14526 | CANNON A W | ASSOCIATE | 04/05/2014 | | | Research re: 1123 classification matters and email A. Burns re: same (1.3); email corr. w/ A. Ambeault re: same (.1). | 1.4 | 1,015.00 | 15855376 |

Prepare for t/c w/ A. Burns and DRC re: balloting and conformation procedures (.9); research re: claims classification matters and multiple emails w/ A. Burns re: same (1.9).

# MATTER TIME DETAIL

Run Date & Time: 7/18/2014    1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00008   PLAN AND DISCLOSURE STATEMENT
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 03389 | LIPKIN A J | PARTNER | 04/08/2014 | | | Revise plan (1.4); Review UST/Curtin Disclosure Statement comments and discuss with A. Burns (.2); Conf. w/ A. Burns re: plan and disclosure statement finalization, filing and Reply to disclosure statement objections (.2); Revise Reply to Disclosure Statement objections (.8); Analyze draft DASNY Reply to disclosure statement objections and exchange related e-mails with D. Neier (.2); T/c w/ B. Katz re: financial projections to open plan issues (.2); E-mails with R. Kanowitz re: settlement of disclosure statement and plan objections (.1); Revise disclosure statement (1.3); T/cs w/ A. Burns re: plan and disclosure statement changes (.2); T/c w/ D. Neier re: plan and disclosure statement filing (.1); T/cs and e-mails with A. Cannon re: Reply to Disclosure Statement objection and research on confirmation objections (.3); E-mails with K. Mahoney re: BHS disclosure statement objections resolution and follow up e-mails with D. Neier and A. Burns (.2); T/cs w/ B. Katz and J. Baum re: disclosure statement hearing (.2); E-mails with D. Neier and A. Burns re: Publication Notice and mailing (.2); T/cs w/ A. Burns and A. Cannon re: disclosure statement order changes (.2); Prepare for disclosure statement hearing (.3). | 6.1 | 6,893.00 | 15892077 |
| 15621 | PETIFORD J | LEGAL ASSISTANT | 04/08/2014 | | | Assist with filing of Reply to DS objections. | 1.0 | 200.00 | 15917311 |

## MATTER TIME DETAIL

Run Date & Time: 7/18/2014    1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00008  PLAN AND DISCLOSURE STATEMENT
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 13723 | BURNS A | ASSOCIATE | 04/24/2014 | | | Corr. w/ IMC HR re: doctors in connection with covered persons fund contributions (.2); t/c w/ D. Hefter re: ad hoc doctors salaries in connection with covered person fund contributions (.1); revise IMC list in connection with same (.5) related corr. w/ S. Dwyer (.1); related corr. w/ R. Mariani, D. Neier (.1); review tear sheets from publication of confirmation hearing notice and related corr. w/ Donlin (.2); t/c w/ S. Hightower of ToneyKorf re: plan/claims/contracts (.5); review proposed contributions from Ad Hoc Doctors group (.1); discuss plan supplement, mediation, next steps w/ A. Lipkin (.4); t/c w/ S. Dwyer on doctors and pending medmal cases (.5); review various corr. w/ A. Lipkin, D. Neier on indemnification issues in plan and revise section of plan in connection with same (1.0). update plan supplement list (.4), corr. w/ K. Fite on preparation of same (.1), follow up with Committee, DASNY, CohnReznick on outstanding information for plan supplement (.1). | 4.3 | 3,311.0( | 1591403( |
| 14526 | CANNON A W | ASSOCIATE | 04/24/2014 | | | Research re: plan confirmation issues, voting classes (5.4); emails w/ A. Lipkin re: same (.5). | 5.9 | 4,277.5( | 1592732( |
| 15615 | FITE K | LEGAL ASSISTANT | 04/24/2014 | | | Assist A. Cannon w/ research re: voting classes in ch. 11 plans. | 1.2 | 240.0( | 1589140( |

Research re: plan confirmation issues on committee objection re: voting classes (5.4); emails w/ A. Lipkin re: same (.5).

2

**MATTER TIME DETAIL**

Run Date & Time:  7/18/2014   1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00009   RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 15615 | FITE K | LEGAL ASSISTANT | 02/10/2014 | | | Save Donlin December 2013 fee app to WF&G system (.1); prepare E&Y supplemental retention application for filing (.7); finalize filing of supplemental E&Y retention order w/ managing attorney's office (.2); circulate filed version to attorneys (.1). | 1.1 | 220.0( | 1579725( |
| 15446 | JONES S D | PARTNER | 02/10/2014 | | | Corr. w/ M. Lee re: E&Y retention application (.2); Review of Foley revisions to same (.1). | 0.3 | 262.5( | 1577041( |
| 13723 | BURNS A | ASSOCIATE | 02/11/2014 | | | Review Donlin fee statement and related corr. w/ S. Jones and K. Fite. | 0.1 | 77.0( | 1576805( |
| 15615 | FITE K | LEGAL ASSISTANT | 02/11/2014 | | | Prepare and serve CohnReznick's January 2014 fee statement (.6); prepare Donlin's third interim fee app for filing (.5). | 1.1 | 220.0( | 1571382( |
| 15446 | JONES S D | PARTNER | 02/11/2014 | | | Review of DRC fee application and approval to file. | 0.1 | 87.5( | 1577043( |
| 13723 | BURNS A | ASSOCIATE | 02/12/2014 | | | Review CohnReznick fee application and related corr. w/ K. Fite re: filing of same. | 0.2 | 154.0( | 1576806( |
| 15615 | FITE K | LEGAL ASSISTANT | 02/12/2014 | | | Prepare Donlin notice of rate increase for filing (.4); prepare CohnReznick third interim fee app for filing (.5); circulate interim fee apps filed on docket, e.g. DiConza Traurig's, to attorneys (.2). | 1.1 | 220.0( | 1571383( |
| 15446 | JONES S D | PARTNER | 02/12/2014 | | | Corr. w/ A. Logan, K. Fite re: filing notice of DRC rate increase (.1); Corr. w/ A. Burns re: GW interim fee application (.1). | 0.2 | 175.0( | 1577043( |
| 03389 | LIPKIN A J | PARTNER | 02/12/2014 | | | E-mails with K. Fite and A. Burns re: CR fee application. | 0.1 | 113.0( | 1572427( |
| 15615 | FITE K | LEGAL ASSISTANT | 02/13/2014 | | | Begin draft of notice of hearing on third interim fee apps. | 0.2 | 40.0( | 1571893( |
| 03389 | LIPKIN A J | PARTNER | 02/13/2014 | | | Review PCO and PCO counsel Jan. fee statements and third fee applications and related e-mails with R. Mariani (.1); Quick review and forward Donlin and E&Y fee statements (.1). | 0.2 | 226.0( | 1572427( |
| 13723 | BURNS A | ASSOCIATE | 02/14/2014 | | | Service corr. re: fee applications. | 0.1 | 77.0( | 1576809( |
| 15615 | FITE K | LEGAL ASSISTANT | 02/14/2014 | | | Update notice of hearing on interim fee apps with newly filed fee app information. | 0.2 | 40.0( | 1571894( |
| | | | 02/18/2014 | | | Scan and save professionals' monthly fee statements. | 0.4 | 80.0( | 1573088( |

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00009  RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 02/19/2014 | | | Review Nixon Peabody January fee statement and related e-mails with W. Kwok and C. Desiderio. | 0.3 | 339.00 | 15747652 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/20/2014 | | | Prepare and serve Nixon Peabody January 2014 fee statement (.6); draft agenda for possible 2/24 hearing on E&Y supplemental retention app (.3); begin preparation of materials for same, e.g. Chambers and UST binders (.3); t/c w/ A. Burns re: Nixon Peabody and same hearing (.2). | 1.4 | 280.00 | 15730906 |
| 03389 | LIPKIN A J | PARTNER | 02/20/2014 | | | E-mails with K. Fite and A. Burns re: 2/24 court agenda and hearing on supplemental E&Y retention. | 0.1 | 113.00 | 15781736 |
| 13723 | BURNS A | ASSOCIATE | 02/21/2014 | | | T/cs w/ Chambers re: supplemental E&Y retention hearing (.1); prepare notice of cancellation of hearing and related corr. (.1). | 0.2 | 154.00 | 15768132 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/21/2014 | | | Draft notice of cancellation of 2/24 hearing on supplemental E&Y retention (.3); prepare same for filing (.5); prepare related order for submission to Chambers (.4); pull and circulate third interim fee apps from docket (.1); update fee app hearing notice re: same (.1). | 1.4 | 280.00 | 15730916 |
| 03389 | LIPKIN A J | PARTNER | 02/21/2014 | | | E-mails with A. Burns and K. Fite re: no 2/24 hearing and review and sign off on related notice and supplemental rder (.2). | 0.2 | 226.00 | 15781743 |
| 13723 | BURNS A | ASSOCIATE | 02/24/2014 | | | Review GDS monthly fee statements and related time entries (.4); related corr. w/ GDS team (.2). | 0.6 | 462.00 | 15768149 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/24/2014 | | | Update notice of hearing on third interim fee apps (.1); review corrected Alston & Bird fee app filed on docket (.1). | 0.2 | 40.00 | 15758426 |
| 15446 | JONES S D | PARTNER | 02/24/2014 | | | Corr. w/ A. Burns re: GDS staffing report and review of same. | 0.1 | 87.50 | 15770471 |
| 13723 | BURNS A | ASSOCIATE | 02/25/2014 | | | Review revised GDS staffing reports for November, December, January, and related corr. w/ S. Jones and J. Petiford re: filing (.4); review fee hearing notice and comment on same (.4). | 0.8 | 616.00 | 15797261 |
| 15446 | JONES S D | PARTNER | 02/25/2014 | | | Corr. w/ A. Burns re: GDS staffing reports. | 0.1 | 87.50 | 15770485 |
| | | | 02/26/2014 | | | Corr. w/ A. Ambeault, A. Burns re: GDS fee statement filing. | 0.1 | 87.50 | 15770499 |

**MATTER TIME DETAIL**

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00009  RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 15621 | PETIFORD J | LEGAL ASSISTANT | 02/26/2014 | | | Assist with filing of Restructuring Advisors' Report for November, December, and January. | 1.8 | 360.00 | 15756410 |
| 13723 | BURNS A | ASSOCIATE | 02/27/2014 | | | Review GDS retention order (.2); corr. w/ GDS and A. kin re: staffing reports statements/strategy (.4). | 0.6 | 462.00 | 15768180 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/27/2014 | | | Circulate CRO retention docs to A. Burns (.2); research re: notice of hearing on interim fee applications (.3); ensure professionals' monthly fee apps are saved to system (.1). | 0.6 | 120.00 | 15758442 |
| 03389 | LIPKIN A J | PARTNER | 02/27/2014 | | | E-mails with R. Mariani and S. Jones re: GDS staffing reports (.2); T/c and e-mails with A. Burns re: GDS (.2). | 0.4 | 452.00 | 15759110 |
| | | | 02/28/2014 | | | Review R. Mariani e-mail re: GDS fees. | 0.1 | 113.00 | 15759120 |
| 15446 | JONES S D | PARTNER | 03/05/2014 | | | Corr. W/ A. Burns re: CRO/CEOretention issue. | 0.2 | 175.00 | 15833919 |
| 13723 | BURNS A | ASSOCIATE | 03/07/2014 | | | Corr. w/ R. Mariani re: GDS statement. | 0.1 | 77.00 | 15858896 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/07/2014 | | | Pull UST objection to professionals' third interim fee apps and circulate to attorneys. | 0.2 | 40.00 | 15782777 |
| 03389 | LIPKIN A J | PARTNER | 03/07/2014 | | | Review UST objection re: third interim fee applications of all professionals (.2); Review R. Mariani and A. Burns e-mails re: GDS (.1). | 0.3 | 339.00 | 15809423 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/10/2014 | | | Begin shell for statement re: GDS January staffing report. | 0.2 | 40.00 | 15793681 |
| 03389 | LIPKIN A J | PARTNER | 03/10/2014 | | | E-mails with C. Desiderio re: UST fee objections process. | 0.1 | 113.00 | 15808280 |
| 13723 | BURNS A | ASSOCIATE | 03/12/2014 | | | Review CohnReznick monthly fee statement for February in preparation for service of same and corr. w/ S. Jones re: same (.2); review R. Mariani summary re: issues w/ GDS invoices for work performed after stop-work order (.2); review GDS January monthly report in connection with same (.2); follow up corr. w/ R. Mariani (.1); begin drafting response to GDS January monthly report (.1). | 0.8 | 616.00 | 15871007 |
| 15446 | JONES S D | PARTNER | 03/12/2014 | | | Corr. W/ A. Burns re: CR fee statement and review of same. | 0.1 | 87.50 | 15818315 |
| 13723 | BURNS A | ASSOCIATE | 03/13/2014 | | | Revise Debtor's statement re: GDS January monthly report (.3); review A; Lipkin comments to same (.1). | 0.4 | 308.00 | 15831610 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/13/2014 | | | Prepare and serve CR February fee statement. | 0.4 | 80.00 | 15793707 |

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00009  RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type: BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 03389 | LIPKIN A J | PARTNER | 03/13/2014 | | | Revise statement re: GDS January fees and discuss with A. Burns and related e-mails with R. Mariani. | 0.3 | 339.00 | 1580945C |
| 15615 | FITE K | LEGAL ASSISTANT | 03/17/2014 | | | Prepare statement re: GDS January staffing report for filing (.5); related corr. w/ A. Burns and managing attorney's office (.2). | 0.7 | 140.00 | 1579965Z |
| 03389 | LIPKIN A J | PARTNER | 03/17/2014 | | | Review DASNY general objection to all fee applications (.1); Review and sign off on GDS statement (.1). | 0.2 | 226.00 | 1580946E |
| 15615 | FITE K | LEGAL ASSISTANT | 03/18/2014 | | | Circulate CR reply to second interim fee apps to S. Jones | 0.1 | 20.00 | 1580374Z |
| 15446 | JONES S D | PARTNER | 03/18/2014 | | | Corr. w/ J. Baum re: CR response to UST objection to fee application. | 0.1 | 87.50 | 1580141J |
| 15615 | FITE K | LEGAL ASSISTANT | 03/19/2014 | | | Save outside professionals' fee statements to WF&G system. | 0.1 | 20.00 | 1580375S |
| 15446 | JONES S D | PARTNER | 03/19/2014 | | | Corr. w/ C. Desiderio re: UST objection to Nixon Peabody fee application (.1); Comment on CR response to UST objection to fee application (.5); Related corr. w/ J. Baum (.1). | 0.7 | 612.50 | 1580480S |
| 15615 | FITE K | LEGAL ASSISTANT | 03/20/2014 | | | Prepare CohnReznick reply to third interim fee apps for filing (.3); prepare and serve Nixon Peabody February monthly fee statement (.3). | 0.6 | 120.00 | 1580486E |
| 15446 | JONES S D | PARTNER | 03/20/2014 | | | Corr. w/ K. Fite re: filing of responses to UST objection to fee application (.2); corr. w/ K. Fite re: responses to CR objection to fee application (.1); Corr. w/ K. Fite, W. Kwok re: service of Nixon Peabody fee statements (.1). | 0.4 | 350.00 | 1581832S |
| 03389 | LIPKIN A J | PARTNER | 03/21/2014 | | | Review CohnReznick and DiConza Traurig responses to UST fee objections. | 0.1 | 113.00 | 1582669C |
| 13723 | BURNS A | ASSOCIATE | 03/24/2014 | | | Review draft order re: interim fee applications for all professionals and related corr. w/ K. Fite (.7); review filed responses and update fee order based on discussion w/ S. Jones (.7). | 1.4 | 1,078.00 | 1583165J |
| 15615 | FITE K | LEGAL ASSISTANT | 03/24/2014 | | | Draft order granting third interim fee apps. | 0.9 | 180.00 | 1581499S |
| 15446 | JONES S D | PARTNER | 03/24/2014 | | | Corr. w/ A. Lipkin re: ParenteBoard retention (.1); related corr. w/ R. Mariani (.1); Corr. w/ A. Burns re: comments to interim fee app order (.1); review revised version (.1). | 0.4 | 350.00 | 1581835C |

Revise Debtor's statement re:
GDS January fees and discuss
with A. Burns and related e-
mails with R. Mariani.

**MATTER TIME DETAIL**

Run Date & Time: 7/18/2014    1:11:04PM
Client: 120157  INTERFAITH MEDICAL CENTER
Matter: 00009  RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency: USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type: BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 15615 | FITE K | LEGAL ASSISTANT | 04/07/2014 | | | Prepare and file notice of final CRO retention order. | 1.1 | 220.00 | 15857101 |
| 15446 | JONES S D | PARTNER | 04/07/2014 | | | Review of Keightley & Ashner OCP materials (.2); review of ParenteBeard engagement letter and related corr. w/ J. Loiacono (.2). | 0.4 | 350.00 | 15881083 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/09/2014 | | | Prepare final CRO order for submission to Chambers. | 0.6 | 120.00 | 15861797 |
| 13723 | BURNS A | ASSOCIATE | 04/10/2014 | | | Corr. w/ S. Hightower of ToneyKorf re: format for monthly fee reports, related requirements. | 0.1 | 77.00 | 15913946 |
| 15446 | JONES S D | PARTNER | 04/10/2014 | | | Review of CohnReznick fee statement and related corr. w/ R. Martoken. | 0.2 | 175.00 | 15865375 |
| 13723 | BURNS A | ASSOCIATE | 04/11/2014 | | | Review OCP materials and related corr. w/ K. Fite (.1); various corr. w/ S. Hightower of ToneyKorf re: monthly fee statements (.1). | 0.2 | 154.00 | 15913951 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/11/2014 | | | Draft notice of supplement to OCP list (.3); prepare same for filing (.3); prepare OCP affidavits of ParenteBeard and Keightley & Ashner OCP affidavits for filing (.6); prepare and serve CohnReznick March fee statement (.5). | 1.7 | 340.00 | 15865490 |
| 15446 | JONES S D | PARTNER | 04/11/2014 | | | Corr. w/ K. Fite, H. Ashner re: A&K OCP materials (.1); Review, revise and approve notice of OCP supplement and ParenteBeard materials (.2). | 0.3 | 262.50 | 15867713 |
| 13723 | BURNS A | ASSOCIATE | 04/21/2014 | | | Review Nixon Peabody monthly fee statement in preparation for service and related corr. w/ S. Jones, K. Fite (.2); t/c w/ S. Dwyer of IMC re: necessary redactions to Nixon Peabody fee statement (.1). | 0.3 | 231.00 | 15914014 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/21/2014 | | | Review Nixon Peabody March 2014 fee statement re: consistency of redactions. | 0.6 | 120.00 | 15891374 |
| 15446 | JONES S D | PARTNER | 04/21/2014 | | | Corr. w/ A. Burns re: Nixon Peabody fee statement (.1); Corr. w/ L. Feuerstein re: ParenteBeard OCP paperwork (.2). | 0.3 | 262.50 | 15881125 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/22/2014 | | | Prepare and serve Nixon Peabody's March 2014 fee statement. | 0.4 | 80.00 | 15891386 |
| 03389 | LIPKIN A J | PARTNER | 04/22/2014 | | | E-mails with A. Burns re: preference fee estimates (.1); Review CBIZ March fee statement (.1); E-mail with J. Leech re: GDS (.1). | 0.3 | 339.00 | 15892162 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/28/2014 | | | Review OCP list to confirm Brown Weinraub inclusion/role. | 0.1 | 20.00 | 15896950 |

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00009  RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 13723 | BURNS A | ASSOCIATE | 04/29/2014 | | | Various corr. w/ ordinary course professionals re: upcoming OCP report. | 0.5 | 385.00 | 15914065 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/29/2014 | | | Begin draft of fifth OCP report. | 0.2 | 40.00 | 15900969 |
| 13723 | BURNS A | ASSOCIATE | 04/30/2014 | | | Review OCP responses in preparation for quarterly report, related corr. w/ K. Fite. | 0.2 | 154.00 | 15914085 |
| | | | 04/30/2014 | | | Corr. w/ all potential holders of Fee Claims re: deadline for submission of Fee Claim Estimates pursuant to the plan. | 0.4 | 308.00 | 15914091 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/30/2014 | | | Update fifth OCP report. | 0.7 | 140.00 | 15903086 |
| 13723 | BURNS A | ASSOCIATE | 05/01/2014 | | | T/c w/ N. Goodyear of Wilson Elser re: OCP report information (.1); Corr. w/ J. Nicholas of Gordian-Dynamis and A. Logan of Donlin re: estimated fee claims pursuant to the plan (.1); Prepare OCP report for filing (.4). | 0.6 | 462.00 | 15998936 |
| 15446 | JONES S D | PARTNER | 05/01/2014 | | | Corr. w/ A. Burns re: OCP report. | 0.1 | 87.50 | 15923370 |
| 15621 | PETIFORD J | LEGAL ASSISTANT | 05/01/2014 | | | Assist with filing of Fifth Quarterly OCP Report. | 0.5 | 100.00 | 15984577 |
| 13723 | BURNS A | ASSOCIATE | 05/08/2014 | | | Review monthly fee statement and time entries for CohnReznick in preparation for service of same. | 0.4 | 308.00 | 15998975 |
| 15446 | JONES S D | PARTNER | 05/08/2014 | | | Corr. w/ A. Burns re: filing CohnReznick fee statement. | 0.1 | 87.50 | 15959739 |
| 13723 | BURNS A | ASSOCIATE | 05/09/2014 | | | Corr. w/ K. Fite re: service of CohnReznick monthly report. | 0.1 | 77.00 | 15998980 |
| 15615 | FITE K | LEGAL ASSISTANT | 05/09/2014 | | | Prepare and serve CohnReznick's April 2014 fee statement. | 0.3 | 60.00 | 15935192 |
| 03389 | LIPKIN A J | PARTNER | 05/09/2014 | | | Review W&S April fee statement. | 0.2 | 226.00 | 16017138 |
| 15615 | FITE K | LEGAL ASSISTANT | 05/12/2014 | | | Review notices of appearance filed on docket to ensure firm conflicts disclosures are up to date. | 0.1 | 20.00 | 15937020 |
| | | | 05/20/2014 | | | Prepare and serve Nixon Peabody's April fee statement. | 0.3 | 60.00 | 15957833 |
| 15446 | JONES S D | PARTNER | 05/20/2014 | | | Review proposed redactions to Nixon Peabody fee statement and related corr. w/ W. Kwok, P. Egan, C. Desiderio (.2); related corr. w/ K. Fite (.1). | 0.3 | 262.50 | 15973375 |
| 15615 | FITE K | LEGAL ASSISTANT | 05/21/2014 | | | Complete service of Nixon Peabody April fee statement. | 0.1 | 20.00 | 15959071 |
| 15446 | JONES S D | PARTNER | 05/21/2014 | | | Corr. w/ K. Fite re: Nixon Peabody fee statement. | 0.1 | 87.50 | 15973375 |

**MATTER TIME DETAIL**                                                                                    1

Run Date & Time: 7/18/2014    1:11:04PM                          Worked 02/01/2014 Thru 05/31/2014
Client:  120157  INTERFAITH MEDICAL CENTER                       Billing Partner: LIPKIN A J
Matter:  00010  FEE APPLICATION PREPARATION AND DEFENSE          Matter Type: BANKRUPTCY
Currency:  USD

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 15615 | FITE K | LEGAL ASSISTANT | 02/05/2014 | | | Begin review of January monthly billing detail for monthly fee statement (.5); continue review of January monthly billing detail (.9). | 1.4 | 280.00 | 15797263 |
| | | | 02/06/2014 | | | Complete first round of review of January billing detail. | 0.2 | 40.00 | 15708499 |
| 13723 | BURNS A | ASSOCIATE | 02/08/2014 | | | Corr. w/ A. Lipkin, S. Jones re: interim fee application deadlines. | 0.1 | 77.00 | 15768032 |
| | | | 02/09/2014 | | | Draft and update Third Interim Fee Application. | 1.3 | 1,001.00 | 15768030 |
| | | | 02/10/2014 | | | Review and revise interim fee application (.3); t/c w/ K. Fite re: same (.1); review S. Jones comments to same and incorporate/address (.5). | 0.9 | 693.00 | 15768030 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/10/2014 | | | Corr. w/ WF&G team re: timeline for filing of third interim fee app. | 0.2 | 40.00 | 15713812 |
| 03389 | LIPKIN A J | PARTNER | 02/10/2014 | | | Revise January fee materials for January fee statement and WFG interim fee application. | 0.4 | 452.00 | 15724250 |
| 13723 | BURNS A | ASSOCIATE | 02/11/2014 | | | Further revision to fee application and discuss same w/ A. Lipkin (.8); review WFG January monthly statement (.1). | 0.9 | 693.00 | 15768040 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/11/2014 | | | Draft WF&G January 2014 monthly fee statement (.9); corr. w/ A. Burns and S. Jones re: same (.1); prepare same for service (.4); prepare and serve WF&G January 2014 monthly fee statement (.3). | 1.7 | 340.00 | 15797269 |
| 03389 | LIPKIN A J | PARTNER | 02/11/2014 | | | T/c w/ A. Burns re: 3rd interim fee application (.1); Revise January materials for fee statement and 3rd interim fee application (.6); Revise 3rd interim fee application (.5); E-mails w/ A. Burns re: 3rd fee application (.1). | 1.3 | 1,469.00 | 15724257 |
| 13723 | BURNS A | ASSOCIATE | 02/12/2014 | | | Corr. w/ K. Fite re: updates to interim fee application, disbursement detail (.1); review updated fee application, billing detail, disbursements, related calculations in preparation for filing (.6); Revise and update fee application and related corr. in prep for filing (.5). | 1.2 | 924.00 | 15768060 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/12/2014 | | | Follow up w/ Accounting re: service of January monthly fee statement (.2); add numbers into draft for third interim fee application and make related edits (2.6). | 2.8 | 560.00 | 15713835 |

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00010   FEE APPLICATION PREPARATION AND DEFENSE
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 03389 | LIPKIN A J | PARTNER | 02/12/2014 | | | E-mails with A. Burns re: 3rd interim fee application (.1); Finish reviewing 3rd fee application (.7). | 0.8 | 904.00 | 15724260 |
| 13723 | BURNS A | ASSOCIATE | 02/13/2014 | | | Further revisions to interim fee application and related corr. w/ K. Fite re: filing prep. | 0.9 | 693.00 | 15768075 |
| 15615 | FITE K | LEGAL ASSISTANT | 02/13/2014 | | | Prepare WF&G third interim fee statement for filing (1.2); draft letter requesting redactions re: same (.2); prepare letter for filing (.3); prepare and send unredacted service copies for Chambers (.6). | 2.3 | 460.00 | 15718934 |
| 15446 | JONES S D | PARTNER | 02/13/2014 | | | Approve 3d interim fee application for filing (.1); Related corr. w/ A. Burns, K. Fite (.1). | 0.2 | 175.00 | 15770443 |
| 03389 | LIPKIN A J | PARTNER | 02/13/2014 | | | Final review of 3rd interim fee application (.4); T/cs, e-mails and confs. w/ A. Burns on 3rd interim fee application (.2). | 0.6 | 678.00 | 15724260 |
| 13723 | BURNS A | ASSOCIATE | 02/24/2014 | | | Corr. w/ UST and A. Lipkin re: fee objection deadlines. | 0.1 | 77.00 | 15768151 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/06/2014 | | | Review monthly billing detail for inclusion in February monthly fee statement. | 1.1 | 220.00 | 15871010 |
| | | | 03/07/2014 | | | Begin draft of WF&G February monthly fee statement (.3); begin draft reply of WF&G reply to UST objection to third interim fee app (.4); corr. w/ WF&G attorneys re: clarifying time entries marked by UST as "vague" (.7). | 1.4 | 280.00 | 15782781 |
| 03389 | LIPKIN A J | PARTNER | 03/07/2014 | | | Review UST fee objection re: WFG third interim and exchange related e-mails with K. Fite (.2); Prepare materials re: response to UST fee objection (.2). | 0.4 | 452.00 | 15809424 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/10/2014 | | | Begin draft of reply to UST objection to WF&G interim fee app (.6); work on revisions to time entries for same (.8). | 1.4 | 280.00 | 15793682 |
| 15446 | JONES S D | PARTNER | 03/10/2014 | | | Corr. w/ K. Fite re: preparation of response to UST fee app objection. | 0.1 | 87.50 | 15821300 |
| 13723 | BURNS A | ASSOCIATE | 03/12/2014 | | | Review UST objection to vague time entries and supplement descriptions where possible. | 0.3 | 231.00 | 15800188 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/12/2014 | | | Update attorney revisions to time entries marked as vague by UST in objection to third interim fee app. | 0.2 | 40.00 | 15793702 |
| | | | 03/13/2014 | | | T/cs w/ A. Burns and Accounting re: January fee statement. | 0.2 | 40.00 | 15793709 |

## MATTER TIME DETAIL

Run Date & Time:  7/18/2014    1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00010  FEE APPLICATION PREPARATION AND DEFENSE
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 15615 | FITE K | LEGAL ASSISTANT | 03/14/2014 | | | Corr. w/ WF&G team re: timing of next monthly fee statement. | 0.1 | 20.00 | 1579676 |
| 03389 | LIPKIN A J | PARTNER | 03/15/2014 | | | Revise materials re: WFG Feb. fee statement and next interim fee application. | 0.8 | 904.00 | 1580946 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/17/2014 | | | Review A. Lipkin comments to February time detail (.2) and related corr. w/ Accounting (.1); corr. w/ S. Jones and A. Burns re: reply for UST objection to third interim fee app (.2). | 0.5 | 100.00 | 1579965 |
| 15446 | JONES S D | PARTNER | 03/17/2014 | | | Corr. w/ K. Fite re: WF&G response to UST objection. | 0.1 | 87.50 | 1580140 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/18/2014 | | | Work on February 2013 monthly fee statement (.6); update exhibit WF&G reply to UST objection to third interim fee app (.2); t/c w/ S. Jones re: same (.1). | 0.9 | 180.00 | 1580374 |
| 15446 | JONES S D | PARTNER | 03/18/2014 | | | Revising response to UST objection to fee application. | 1.1 | 962.50 | 1580140 |
| 13723 | BURNS A | ASSOCIATE | 03/19/2014 | | | Review WFG February fee statement in preparation for service of same. | 0.1 | 77.00 | 1583163 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/19/2014 | | | Revise WF&G reply to UST objection to third interim fee apps. | 0.7 | 140.00 | 1580375 |
| 15446 | JONES S D | PARTNER | 03/19/2014 | | | Revise WFG response to UST fee objection (.4); Related corr. w/ K. Fite (.2). | 0.6 | 525.00 | 1580481 |
| 13723 | BURNS A | ASSOCIATE | 03/20/2014 | | | Review final WFG February fee statement. | 0.1 | 77.00 | 1583164 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/20/2014 | | | Prepare and serve WF&G February monthly fee statement (.7); corr. w/ A. Lipkin and S. Jones re: WF&G reply to third interim fee app objections (.2); revise same per A. Lipkin comments (.2); prepare same for filing (.7). | 1.8 | 360.00 | 1580486 |
| 15446 | JONES S D | PARTNER | 03/20/2014 | | | Review and approve WFG February fee statement for service. | 0.1 | 87.50 | 1581833 |
| 03389 | LIPKIN A J | PARTNER | 03/20/2014 | | | Revise and sign off on Reply to UST and DASNY objection to WFG 3rd interim fee application. | 0.2 | 226.00 | 1582668 |
| 15615 | FITE K | LEGAL ASSISTANT | 03/21/2014 | | | Follow up w/ S. Jones and Accounting re: service of February monthly fee statement. | 0.2 | 40.00 | 1580777 |
| 13723 | BURNS A | ASSOCIATE | 03/25/2014 | | | Corr. w/ E&Y and update proposed fee application order re: agreed-to reduction in expenses (.2); circulate draft order to professionals for review (.4). Related follow up with Garfunkel Wild re: fee reductions requested by UST (.2). | 0.8 | 616.00 | 1583165 |

**MATTER TIME DETAIL**

Run Date & Time:  7/18/2014   1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00010  FEE APPLICATION PREPARATION AND DEFENSE
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner:  LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 03389 | LIPKIN A J | PARTNER | 03/25/2014 | | | Prepare for 3/26 WF&G fee hearing and related T/cs w/ A. Burns. | 0.1 | 113.00 | 1582671 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/04/2014 | | | Begin review of monthly billing detail for use in March 2014 fee statement. | 0.4 | 80.00 | 1585496 |
| | | | 04/07/2014 | | | Continue review of March monthly billing detail. | 1.4 | 280.00 | 1585851 |
| | | | 04/08/2014 | | | Complete review of March monthly billing detail. | 0.4 | 80.00 | 1585924 |
| | | | 04/09/2014 | | | Review revisions to March monthly billing detail. | 0.2 | 40.00 | 1586179 |
| | | | 04/15/2014 | | | Review A. Lipkin edits to March billing detail. | 0.4 | 80.00 | 1587560 |
| 03389 | LIPKIN A J | PARTNER | 04/15/2014 | | | Review and revise materials for WFG March fee statement and next interim fee application. | 0.9 | 1,017.00 | 1589211 |
| 13723 | BURNS A | ASSOCIATE | 04/17/2014 | | | Review March fee statement, related corr. w/ K. Fite re: service of same. | 0.2 | 154.00 | 1591399 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/17/2014 | | | Draft WF&G March monthly fee statement. | 0.7 | 140.00 | 1587650 |
| 15446 | JONES S D | PARTNER | 04/17/2014 | | | Review of April fee statement, approval for filing. | 0.1 | 87.50 | 1588111 |
| 13723 | BURNS A | ASSOCIATE | 04/18/2014 | | | Review final WFG March fee statement in preparation for service. | 0.1 | 77.00 | 1591400 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/18/2014 | | | Serve WF&G March monthly fee statement. | 0.6 | 120.00 | 1587854 |
| | | | 04/22/2014 | | | Follow up w/ S. Jones and Accounting re: March fee statement. | 0.2 | 40.00 | 1589138 |
| | | | 05/05/2014 | | | E-mails w/ A. Burns and accounting re: estimates for April fees (.2); begin review of April billing detail for use in monthly fee statement (1.0). | 1.2 | 240.00 | 1602816 |
| | | | 05/06/2014 | | | Complete review of April billing detail. | 1.2 | 240.00 | 1592977 |
| | | | 05/08/2014 | | | Review edits to April billing detail. | 0.1 | 20.00 | 1593289 |
| | | | 05/09/2014 | | | Finalize revisions to April monthly billing detail. | 0.1 | 20.00 | 1593518 |
| 03389 | LIPKIN A J | PARTNER | 05/13/2014 | | | Review and revise April fee materials for monthly fee statement and next fee application. | 1.2 | 1,356.00 | 1596313 |
| 15615 | FITE K | LEGAL ASSISTANT | 05/15/2014 | | | Corr. w/ A. Burns and Accounting re: April, May fee estimates. | 0.3 | 60.00 | 1595004 |
| | | | 05/16/2014 | | | Begin draft of April monthly fee statement. | 0.2 | 40.00 | 1595192 |
| 13723 | BURNS A | ASSOCIATE | 05/19/2014 | | | Review WFG monthly fee statement in preparation for service. | 0.3 | 231.00 | 1599901 |

5

## MATTER TIME DETAIL

Run Date & Time: 7/18/2014    1:11:04PM
Client:  120157   INTERFAITH MEDICAL CENTER
Matter:  00010   FEE APPLICATION PREPARATION AND DEFENSE
Currency: USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type: BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 15615 | FITE K | LEGAL ASSISTANT | 05/19/2014 | | | Finish drafting WF&G April fee statement (.6); prepare and serve same (.7). | 1.3 | 260.00 | 15957815 |
| 15446 | JONES S D | PARTNER | 05/19/2014 | | | Corr. w/ K. Fite re: fee statement service. | 0.1 | 87.50 | 15954922 |
| 15615 | FITE K | LEGAL ASSISTANT | 05/27/2014 | | | Follow up w/ S. Jones and accounting re: April fee statement. | 0.3 | 60.00 | 15971234 |
| | | | | | | TOTAL 120157.00010 | 42.5 | 20,512.00 | |
| | | | | | | TOTAL | 42.5 | 20,512.00 | |

**MATTER TIME DETAIL**

Run Date & Time: 7/18/2014    1:11:04PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00011  AVOIDANCE ACTION
Currency:  USD

Worked 02/01/2014 Thru 05/31/2014
Billing Partner: LIPKIN A J
Matter Type: BANKRUPTCY

1

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 03389 | LIPKIN A J | PARTNER | 02/11/2014 | | | Conf. w/ A. Burns re: avoidance actions. | 0.1 | 113.00 | 15724262 |
| 14630 | TRICOMI C W | LEGAL ASSISTANT | 02/25/2014 | | | Update notice paragraph re: purchase agreement. | 0.2 | 42.00 | 15762083 |
| 03389 | LIPKIN A J | PARTNER | 03/24/2014 | | | Work on next round of preference actions. | 0.1 | 113.00 | 15826709 |
| | | | 04/09/2014 | | | T/c, conferences and e-mails with J. Baum, A. Burns and B. Katz re: preference action list. | 0.4 | 452.00 | 15892084 |
| | | | 04/10/2014 | | | Review revised preference list for disclosure statement exhibits. | 0.1 | 113.00 | 15892091 |
| | | | 04/15/2014 | | | E-mails with B. Katz and R. Mariani re: prepetition payments. | 0.1 | 113.00 | 15892115 |
| 15615 | FITE K | LEGAL ASSISTANT | 04/18/2014 | | | Research re: settlements of preference actions. | 0.7 | 140.00 | 15878545 |
| 03389 | LIPKIN A J | PARTNER | 05/01/2014 | | | E-mails with A. Burns re: new preference settlements. | 0.1 | 113.00 | 15958123 |
| | | | 05/02/2014 | | | E-mails with D. Neier re: Foundation preference issues [.1]; Review Medline pref. exposure material (.1); E-mails to  A. Burns re: retained preference actions [.1]. | 0.3 | 339.00 | 15958136 |
| | | | 05/30/2014 | | | E-mails to  A. Burns re: preference action settlement procedures. | 0.1 | 113.00 | 15995809 |
| | | | TOTAL 120157.00011 | | | | 2.2 | 1,651.00 | |
| | | | | | TOTAL | | 2.2 | 1,651.00 | |

**MATTER TIME DETAIL**

Run Date & Time:  7/22/2014     2:15:12PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00002  CASE ADMINISTRATION
Currency:  USD

Worked  Thru 06/19/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|---------------------|
| 03389 | LIPKIN A J | PARTNER | 06/09/2014 | | | E-mails with K. Fite re: Omnibus hearing dates, etc. (.1); E-mails with A. Burns re: 6/9 hearing (.1); Conference and e-mails with A. Burns re: hearing on J. James motion to dismiss (.2); Revise order denying J. James motion to dismiss and discuss with A. Burns (.4). | 0.8 | 904.00 | 1601982° |
| 13723 | BURNS A | ASSOCIATE | 06/10/2014 | | | Review final version of order denying James motion and corr. w/ K. Fite re: upload of same for entry by Court (.2); Corr. w/ J. James re: same (.1). | 0.3 | 231.00 | 1609001: |
| 15615 | FITE K | LEGAL ASSISTANT | 06/10/2014 | | | Prepare order re: Julia James motion to dismiss for submission to Chambers. | 0.6 | 120.00 | 1601938( |
| 15446 | JONES S D | PARTNER | 06/10/2014 | | | Corr. w/ A. Burns re: post-confirmation tasks. | 0.1 | 87.50 | 1603699: |
| 03389 | LIPKIN A J | PARTNER | 06/10/2014 | | | E-mails with K. Fite and A. Burns re: J. James Order, Notice and upload. | 0.1 | 113.00 | 1602238( |
| 15615 | FITE K | LEGAL ASSISTANT | 06/11/2014 | | | Circulate docket items, e.g. orders entered re: recent hearings, to WF&G team (.2); review same orders for judge's changes (.2). | 0.4 | 80.00 | 1602357: |
| 03389 | LIPKIN A J | PARTNER | 06/11/2014 | | | Review order denying J. James motion to dismiss case and Bankruptcy Court changes (.1); Review draft of 9th PCO Report and exchange related e-mails with S. Korf and M. Cyganowski (.2). | 0.3 | 339.00 | 1603422( |
| 15615 | FITE K | LEGAL ASSISTANT | 06/12/2014 | | | Ensure case calendar is up to date. | 0.2 | 40.00 | 1602458: |
| | | | 06/13/2014 | | | Review matters for 6/30 hearing. | 0.1 | 20.00 | 1602726( |
| 03389 | LIPKIN A J | PARTNER | 06/13/2014 | | | Review 9th PCO report as filed and forward to IMC senior management and related e-mails with M. Cyganowski. | 0.3 | 339.00 | 1603423( |
| 13723 | BURNS A | ASSOCIATE | 06/16/2014 | | | Review case calendar and related corr. w/ K. Fite re: upcoming deadlines. | 0.1 | 77.00 | 1603360: |
| 15615 | FITE K | LEGAL ASSISTANT | 06/16/2014 | | | Ensure case calendar is up to date and circulate to attorneys (.3); research re: judgment liens (.5). | 0.8 | 160.00 | 1603161: |
| 03389 | LIPKIN A J | PARTNER | 06/16/2014 | | | Review IMC case calendar. | 0.1 | 113.00 | 1604092( |
| 15615 | FITE K | LEGAL ASSISTANT | 06/17/2014 | | | Research re: judgment liens. | 0.5 | 100.00 | 1603320: |
| | | | 06/19/2014 | | | Ensure case calendar is up to date. | 0.1 | 20.00 | 1605801( |

TOTAL 120157.00002    18.8    10,429.00

## MATTER TIME DETAIL

Run Date & Time: 7/18/2014    1:04:52PM
Client:  120157  INTERFAITH MEDICAL CENTER
Matter:  00009  RETENTION OF PROFESSIONALS - APPLICATION, PREPARATION
Currency:  USD

Worked Thru 06/30/2014
Billing Partner: LIPKIN A J
Matter Type:  BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|----|------|-------|-----------|-----------|---------------|-------------|-------|---------------------|-------|
| 15615 | FITE K | LEGAL ASSISTANT | 06/09/2014 | | | Review notices of appearance filed on docket to ensure firm conflicts disclosures are up to date. | 0.1 | 20.00 | 16018594 |
| | | | 06/12/2014 | | | Procure outside professionals' fee statements. | 0.1 | 20.00 | 16024589 |
| | | | 06/17/2014 | | | Update files re: fee statements received from outside professionals. | 0.4 | 80.00 | 16033208 |
| 03389 | LIPKIN A J | PARTNER | 06/17/2014 | | | Review PCO and his counsel (Traurig) May fee statements. | 0.1 | 113.00 | 16043796 |
| 13723 | BURNS A | ASSOCIATE | 06/18/2014 | | | Review CohnReznick fee statement for May and related corr. w/ K. Fite re: service of same. | 0.3 | 231.00 | 16042032 |
| 15446 | JONES S D | PARTNER | 06/18/2014 | | | Corr. w/ A. Burns re: CohnReznick May fee statement. | 0.1 | 87.50 | 16042233 |
| 15615 | FITE K | LEGAL ASSISTANT | 06/19/2014 | | | Prepare CohnReznick May fee statement for service. | 0.3 | 60.00 | 16058021 |
| 13723 | BURNS A | ASSOCIATE | 06/20/2014 | | | Review Nixon Peabody monthly fee statement for May and related corr. w/ Nixon (.1), review revised Nixon statement (.1). Coordinate service of both fee statements w/ K. Fite (.1). | 0.3 | 231.00 | 16042041 |
| 15615 | FITE K | LEGAL ASSISTANT | 06/20/2014 | | | Prepare and serve Nixon Peabody May fee statement (.3). | 0.3 | 60.00 | 16103959 |
| 15446 | JONES S D | PARTNER | 06/20/2014 | | | Corr. w/ A. Burns re: Nixon Peabody fee statement (.1). | 0.1 | 87.50 | 16103966 |
| 13723 | BURNS A | ASSOCIATE | 06/25/2014 | | | Corr. w/ all professionals re: submissions of applications for final fee claims. | 0.2 | 154.00 | 16090026 |
| | | | 06/27/2014 | | | Corr. w/ S. Hightower of ToneyKorf re: its final fee statement and review of draft of same (.7). | 0.7 | 539.00 | 16099598 |
| 15446 | JONES S D | PARTNER | 06/30/2014 | | | Corr. w/ H. Ashner re: OCP cap (.2). | 0.2 | 175.00 | 16077703 |
| | | | | | | **TOTAL 120157.00009** | **3.2** | **1,858.00** | |
| | | | | | | **TOTAL** | **3.2** | **1,858.00** | |

# MATTER TIME DETAIL

Run Date & Time: 7/18/2014   1:04:52PM
Client: 120157  INTERFAITH MEDICAL CENTER
Matter: 00010  FEE APPLICATION PREPARATION AND DEFENSE
Currency: USD

Worked Thru 06/30/2014
Billing Partner: LIPKIN A J
Matter Type: BANKRUPTCY

| Id | Name | Title | Work Date | Task Code | Activity Code | Description | Hours | Agreed Rates Amount | For Acct Only Index |
|---|---|---|---|---|---|---|---|---|---|
| 15615 | FITE K | LEGAL ASSISTANT | 06/06/2014 | | | Begin review of May 2014 monthly billing detail to ensure conformity w/ UST guidelines. | 0.7 | 140.00 | 1601663( |
| | | | 06/08/2014 | | | Continue review of billing detail in preparation for May monthly fee statement. | 1.2 | 240.00 | 1601663! |
| | | | 06/09/2014 | | | Complete review of May monthly billing detail. | 1.0 | 200.00 | 1601859; |
| 03389 | LIPKIN A J | PARTNER | 06/09/2014 | | | E-mails with K. Fite and A. Burns re: 4th interim fee application and final fee application. | 0.1 | 113.00 | 1601983( |
| 15615 | FITE K | LEGAL ASSISTANT | 06/10/2014 | | | Prep May billing detail for filing. | 0.1 | 20.00 | 1601937! |
| | | | 06/11/2014 | | | Review A. Lipkin comments on May fee statement material. | 0.1 | 20.00 | 1602357; |
| 03389 | LIPKIN A J | PARTNER | 06/11/2014 | | | Review and revise May fee materials for monthly fee statement and final fee application and for case management. | 1.1 | 1,243.00 | 1603423( |
| 15615 | FITE K | LEGAL ASSISTANT | 06/12/2014 | | | Further revise May monthly billing detail per A. Lipkin comments. | 0.4 | 80.00 | 1602458; |
| | | | 06/16/2014 | | | Review final billing detail for use in May 2014 fee statement (.4); draft May fee statement (.3). | 0.7 | 140.00 | 1603161( |
| 13723 | BURNS A | ASSOCIATE | 06/17/2014 | | | Corr. w/ K. Fite re: final fee app preparation and timing. | 0.1 | 77.00 | 1603361! |
| 15615 | FITE K | LEGAL ASSISTANT | 06/17/2014 | | | Complete draft of May 2014 fee statement (.4); t/c and e-mails w/ A. Cannon re: final fee app (.2). | 0.6 | 120.00 | 1603320( |
| 13723 | BURNS A | ASSOCIATE | 06/19/2014 | | | Review WFG May fee statement and WIPs in preparation for service of same. | 0.4 | 308.00 | 1604203; |
| 15615 | FITE K | LEGAL ASSISTANT | 06/19/2014 | | | Update WF&G May fee statement (.6); prepare and serve same (.5); draft of WF&G final fee application (1.3). | 2.4 | 480.00 | 1605801! |
| 15446 | JONES S D | PARTNER | 06/19/2014 | | | Approve WFG May fee statement for service. | 0.1 | 87.50 | 1607768! |
| 13723 | BURNS A | ASSOCIATE | 06/20/2014 | | | Review final WFG monthly fee statement for May for service of same (.2). | 0.2 | 154.00 | 1610395( |
| 15615 | FITE K | LEGAL ASSISTANT | 06/20/2014 | | | Update interim fee app draft and e-mail A. Burns re: same. | 0.4 | 80.00 | 1605803( |
| | | | 06/20/2014 | | | Continue drafting WF&G final fee application (1.4). | 1.4 | 280.00 | 1609405! |
| 03389 | LIPKIN A J | PARTNER | 06/23/2014 | | | T/c w/ A. Burns re: WFG final fee application. | 0.1 | 113.00 | 1604798! |
| 14526 | CANNON A W | ASSOCIATE | 06/24/2014 | | | Draft employee/benefits section of final fee application. | 0.5 | 362.50 | 1609002! |
| 13723 | BURNS A | ASSOCIATE | 06/26/2014 | | | Draft final fee application. | 0.8 | 616.00 | 1609002; |